——————O——————

## *Martin Bates* vs. *John Hazeltine* and *Hiram Chipman.*

It is not sufficient for him who justifies a taking of property under authority as Collector of a School District, to show the warrant and rate-bill, but he must show his appointment as collector, the laying of the tax, the appointment of the committee, and the organization of the District.

Unless the authority of the collector is shown, an asssistant who acts by his command, will not be justified.

THIS was an action of *trespass* for breaking and entering the defendant's house, taking away his goods, &c. At the trial before the County Court, the defendants severally pleaded the *general issue* with notice, and offered in evidence, by way of justification, a warrant signed by a justice of the peace, directed to the defendant *Hazeltine* as the collector of the *North Centre District* in *Essex*, for the collection of a certain tax specified in the rate-bill accompanying and attached to the warrant, and purporting to be assessed and signed by the committee for said district, in which the defendant was assessed, and evidence tending to show that the property was taken by virtue of said warrant; and that the defendant *Chipman* acted by command, and as the assistant, of the defendant *Hazeltine;* which evidence was admitted by the court. No evidence was offered of the organization of the district, the vote laying the tax, or of the appointment of the committee or collector.

The plaintiff's counsel contended, and requested the court to charge the jury, that the defendants were bound to show by the return of the collector on the warrant, that the property taken by

L

Chittenden, Jan. 1828.

Bates vs. Hazelline et al.

virtue of said warrant, was legally dispo-
sed of. But the court charged the jury,
That inasmuch as the plaintiff's action was commenced immediate-
ly after the act complained of, and before the collector could le-
gally proceed to advertize and sell the property, it was not incum-
bent on the defendants to show that the property taken was af-
terwards disposed of according to law to satisfy the tax. The
jury thereupon returned a verdict for the defendants. To which
decision of the court, and that admitting the rate bill and warrant,
unaccompanied by the other evidence, the plaintiff excepted.

The cause now came before the court on a motion for a new
trial, founded on exceptions taken by the plaintiff, as above men-
tioned, to the decision of the County Court.

The counsel for the defendants contended, That by the 3d. sec-
tion of the act for the support of schools,—*Rev. Stat. p.* 590,—
it is made the duty of justices of the peace, upon application, to
issue warrants to the district-collector for the collection of taxes
assessed by the district. It is contended by the defendants that
issuing the warrant is a *judicial* as well as a *ministerial* act. It
is obviously proper that there should be some tribunal by which
it may be determined that a tax is legally assessed before the is-
suing of a warrant to enforce its collection. Neither the commit-
tee nor the collector can, with propriety, constitute this tribunal,
both being in some way interested. It is only for the purpose of
settling the legality of the tax, that the law requires a warrant to
be signed by a justice of the peace. Had it not been the intention of
the statute to establish such a tribunal, authority might and would
have been given to the committee to issue a warrant themselves,
without the intervention of a magistrate.—8 *Johns.* 69, *Ward* vs.
*Baker.*—10 *Mass.* 105, *Coleman et al.* vs. *Anderson.* The
same observations apply to the justice, as to the necessity of show-
ing the appointment of the collector. The justice is to be satis-
fied by proper evidence, before issuing the warrant, that the per-
son therein named as collector, has been legally appointed. But
the issuing the warrant is, at least, *prima facie* evidence of the
appointment. It has been decided that if a warrant be issued di-
rected to one by name, as constable of a town, such direction is
sufficient evidence of the appointment of the person named.—1
*D. Chip. Rep.* 110, *Broughton* vs. *Blackman* and *Bearsdley.*

The counsel for the plaintiff contended that the court erred in admitting the warrant and tax bill to go to the jury without first shewing the organization of the district, the appointment of the committee and collector, and the vote laying the tax ; and cited the *Stat. p.* 590.

TURNER, J. delivered the opinion of the court. The questions presented by the case, are 1. Whether the rate-bill and warrant under which *Hazeltine* acted, was sufficient without any other evidence for his justification ; and 2. How far *Chipman* was justified in acting under *Hazeltine's* command.

It is a general rule, that wherever a person justifies a taking under any authority whatever, he must show every matter and part of the authority under which he justifies.—*Sw. Dig.* 656. Whatever limitations may be prescribed to this rule in cases where the authority is derived from courts of general jurisdiction, it is clear that in regard to courts of inferior and limited jurisdiction, every fact necessary to give them jurisdiction, must be substantiated.—1 *Bur.* 377.—4 *Bur.* 2244.—2 *Mass. R.* 213.—What is true of such inferior courts is also true of the doings of corporate bodies, erected by law for private and local purposes. These corporations though they derive their existence and their powers from public laws, are created for private purposes. Their organization under the laws which authorize it, their proceedings and the doings of those who claim to act under them, cannot be known judicially till proved; 18 *Mass. R.* 112.—and must be shown to be in pursuance of the law which creates and authorizes them ; otherwise they are toally void.

The statute, p. 590, points out the steps by which a school district is to be organized, its powers, and those of its officers, the mode in which those powers are to be exercised, and its officers appointed. Upon application of three or more of the inhabitants of an unorganized school district to the select men of a town, for a school meeting, they shall notify the same by posting up a notification in writing in one or more public places within the district, specifying the time and place of holding the meeting, and the business to be done; the notification to be posted up at least seven days before the time specified. The inhabitants shall then have power to choose a moderator, clerk, collector and committee. The duties of these officers when thus legally appointed are prescribed ; and after its organization, power is given to the district meeting,

Chittenden, Jan. 1828.  with due notice, &c. to impose taxes in a
Bates vs. Hazeltine et al.  particular manner, and for purposes spe-
cifically designated.   When the tax is thus regularly laid, the col-
lector is vested with the same powers for its collection that are
given to the collectors of town taxes, under a warrant to be issued
by any Justice of the Peace, upon application, authorizing him to
collect the same by the time agreed on by the votes of the inhabit-
ants.

It is the duty of the court to recognize the existence of this, as
of all other general laws ; but whether its provisions have been pur-
sued in any given case, is not a matter of judicial cognizance till
it is shown to them by legal proof.   The organization of the dis-
trict must be shown ; for unless the district was organized in the
mode prescribed by statute, there could be neither district, commit-
tee, tax nor collector ; this is not to be *presumed ;* for here the
reason of the case applies,—4 *Mass. Rep.* 643, *Bridge* vs. *Ford,*
—in which PARSONS, C. J. declares, " nothing is to be *presumed*
in favor of the jurisdiction of an inferior magistrate, as it is not
general but limited, and given by particular statutes."   The ap-
pointment of the committee must be shown ; for the assessments
under the tax and the making up of the rate bill, is a duty ex-
pressly imposed upon the committee ; and therefore, unless the
committee were legally appointed, the rate bill and warrant could
not have been valid.   It is necessary to show the laying of the
tax ; for unless the tax was legally imposed, the collector could
have no right to collect it ; and he would not be protected in the
enforcement of such illegal tax, although the rate bill and warrant
in virtue of which he acted, were apparently legal.--3 *Cranch,* 331,
*Wise* vs. *Withers.—M'Lane* vs. *Stewart,* cited in *Swift's Evid.*
359.—13 *Johns.* 444, *Suydam et Wickoff* vs. *Keyes.*   This last
case was an action of trover for four barrels of flour sold by a col-
lector of a school district, in virtue of a "warrant under the hands
and seals of the trustees directing him to collect from *each* of the
inhabitants of the district, the several sums of money written opposite
to their names in the tax-list annexed to the warrant, and in case of
neglect or refusal, to levy on the goods and chattels of the de-
linquent."   The plaintiffs were non-residents of the district
who are by law exempted from school taxes.   In this case the court

decided that the warrant was no justifi- } Chittenden, Jan. 1828.
cation of the collector. If the warrant } *Bates* vs. *Hazeltine et al.*
would be no justification to the collector for the enforce-
ment of a tax on one exempted from its operation, *a fortiori*, it
would not justify him in enforcing a tax illegally laid. The de-
fendant should have shown his appointment as collector. The
rate bill and warrant offered in evidence, though directed to him
as such, do not prove this. Those proceedings merely establish
their own existence, but not any extrinsic and anterior fact what-
ever. Whether he is or is not collector, must be proved by the
records of the clerk of the district, whose office it is to keep such
records. The fact is of such a nature that it admits of proof by
no other evidence. In the case of *Thayer* vs. *Stearns*—18 *Mass.*
*Rep.* 111.—it was remarked by PARKER, C. J. in reference to
the evidence by which an assessor must show his appointment—
" The assessors acting by virtue of authority from the town, must
like other agents, prove their authority. They must show that
they were legally chosen and duly qualified to act. And it is
necessary in order to make out this point, that they should show
that the inhabitants of the town were legally assembled at the meet-
ing when they were chosen. This must be shewn by the records."
So in the case of a constable—*Chip.* 109. The statute has not
specifically designated the duties of the clerk of the district; but
that the object of creating such an office was to record the pro-
ceedings of the district meetings results *ex vi termini*. That
such evidence should exist, was essential to the protection of the
collector, and the security of the public. There can he no hard-
ship therefore, in requiring the production of such evidence to es-
tablish the facts already decided to be essential to the defend-
ants' justification.

2. It would seem to follow that if the defendant, *Hazeltine*, had
failed to show his authority to act in the character of collector
under which he justifies, *Chipman* cannot justify in acting by his
command. For if *Hazeltine* had no authority to communicate,
*Chipman* is a trespasser. But this point is settled by authority.
If the act of the officer be illegal, or if he have no authority to act,
all concerned with him in the act complained of, are liable to the
action of the party aggrieved.—6 *Mod.* 68, 140. In the case of
*Oystead* vs. *Shed et al.* 12 *Mass. Rep.* 506, *B. & W. Varnum*

Chittenden, Jan. 1828. } justified the taking of property exempted
*Bates vs. Hazeltine et al.* } from attachment, by the command of a constable ; and the court decided that as the officer had no right to take the property, the assistants could not be justified.

It is contended on the part of the defendants, that the justice, in signing the warrant, acted *judicially* ; and that being a tribunal to decide on the legality of the prior proceedings, the court cannot re-examine them.    The case of *Wood* vs. *Peake*, 8 *Johns.* 54 is cited in support of this position.    But it is apprehended there is no analogy between that and the present case.    By a law of the state of New York, if any constable chosen by the town, shall refuse to serve, the town is authorised to fill such vacancy ; but if the town does not within 15 days after fill it, then three justices are authorised and required to fill it ; and if the person so appointed shall refuse to serve, he shall forfeit a penalty of $62,50.    The action was trespass against *Wood* the constable, who gave in evidence an appointment as constable, made by three justices in pursuance of the provisions of the statute.    The plaintiff offered to prove that the constable first appointed never did refuse to serve. The court decided against the admissibility of this evidence ; that the appointment by the justices was a judicial act ; "for the Justices must first determine and adjudge that there is a vacancy in the office, and that the town neglected to fill it up ; that the appointment therefore remained valid till set aside or quashed on *certiorari.* In this case it is obvious that the justices were required to determine judicially several facts, before they could make this appointment.    But in the present case the justice signing the warrant has nothing to determine.    He is merely authorised to sign it "on application."    The act of signing  does not necessarily involve any obligation or authority to examine into the organization of the district, the laying of the tax, or the appointment of the committee or collector, and if the statute had intended to make the justice a tribunal to examine and decide on these subjects, it would have made such examination a prerequisite to his signing the warrant.    For these reasons, it is considered that his signing the warrant was a mere *ministerial* act, imposed upon the justice to authorise the constable to proceed in the collection of the tax, because it must be signed by some one—but deciding nothing as to the legality of

the prior proceedings.  His authority in { Chittenden, Jan. 1828.
this instance resembles that of a justice { Bates vs. Hazeltine et al.
who takes a recognizance and issues execution.—8 *Mass. Rep*. 7, *Alby* vs. *Ward*. In the case cited from *Chipman*, 109, after deciding that the appointment of a constable must be shown, which was the only point in the cause, the court were said to be of opinion that if the warrant had been directed to the constable by *name*, it would have been sufficient. This is in contradiction to what was before decided, and is a mere *obiter dictum*. The relevancy of the other case cited is not perceived.

The view which the court have taken of this case renders it unnecessary that any opinion should be given on the other point raised in the bill of exceptions—that is, whether it was incumbent on the defendants to show that the property taken by virtue of the warrant was legally disposed of ?

On the whole it is considered that the verdict ought to be set aside and a new trial granted.

*Allen* and *Hunt*, for the plaintiff.

*Thompson* and *Bailey*, for the defendants.