## Roswell Waters *vs.* George M. Daines.

The collector of a school-district tax is liable in trespass for seizing property by virtue
of his warrant and rate-bill, if the district have no power to grant the tax, or if
there be any illegality in voting it.

And although in such case the rate-bill and warrant are regular on their face, the col-
lector is not justified.

The inhabitants of a school district cannot vote a tax on a list which is not to be com-
pleted until after thirty days from voting the tax; and

Therefore, where a school district voted a tax in May on a list which could not be
completed till December following, and, consequently, the tax could not be assess-
ed within thirty days after voting the tax, as required by the statute, it was held to
be illegal, and that all the subsequent proceedings had to enforce the collection of
the tax were also illegal.

A school-tax is not necessarliy void because it is not assessed within thirty days
after it is voted.

This was an action of *trespass* for seizing and carrying away
certain sheep, the property of the plaintiff. The defendant plea-
ded the *general issue*, and gave notice, that he should give in ev-
idence under it, that he took the property in question as collector
of a school district, in which the defendant was assessed, by vir-
tue of a rate bill and warrant; and on trial offered in evidence the
said rate bill and warrant, and a copy of the record of the proceed-
ings of said school district relating to the voting and assessment
of the tax; from which it appeared that the tax was voted on the
15th day of May, 1830, and was to be levied on the list for that
year; and that it was not assessed within thirty days after it was
voted. For these reasons the counsel for the plaintiff objected

76

WASHINGTON,
March,
1832.

Waters
vs.
Daines.

to the evidence, and the court accordingly rejected it, and directed a verdict for the plaintiff. The defendant excepted, and the case was reserved for the opinion of this Court.

After argument by *Smith & Peck*, for the defendant, and by *Merrill & Spalding*, for the plaintiff,

WILLIAMS, J., *delivered the opinion of the Court.*—The defendant justifies the taking of the property, for which this action of trespass is brought, by a warrant and rate bill for a school tax.

No objection has been made to the warrant and rate bill on account of any irregularity apparent on the face ; but it is urged that the tax was illegal. The position, that a collector of taxes is accountable in an action of trespass when there is a want of power in the town or district granting the tax, or where there is any illegality in voting the same, has been considered as too well settled to be questioned at this time. Hence the legislature, while they have exempted the collector from any liability on account of any mistake, mischarge, or overcharge, in the rate bill, give him a right of action directly against the town or community granting, or attempting to grant, a tax, where he is made accountable on account of such want of power to grant, or illegality in granting.

The reason of this is obvious. Unless such action could be maintained, the person injured would be either without any remedy, or any but one wholly inadequate. No action can be maintained against the corporation except to recover back the money which they have wrongfully received, and this, it will be seen, would go but little way in compensating a person whose property has been sacrificed by a public sale, or whose body has been imprisoned to compel the payment of a sum of money illegally demanded of him. Every one who is injured in this way should be permitted to have recourse immediately to the person who takes his property, or imprisons him against his will, to recover such damages as he has sustained leaving that person, if he fails to make out a justification on account of the illegality of those who set him to work, to obtain his recompence of the community of which he is a member, and as whose officer, and by whose direction, he committed the injury complained of. This was recognised as the law upon these subjects, in the cases of *Harrison* vs. *Babcock et al.* 1 *H. Black.* 68 ; *Williams* vs. *Pritchard*, 4 *Term Rep.* 2 ; *Eddington* vs. *Borman*, 4 *do.* 4 ; *Perchard* vs. *Heyward*, 8 *Term*, 468. This principle was fully and ably illustrated by C. J. CHIPMAN, in the case of *Wilcox* vs. *Sherwin*, 1 *D. Chip.* 72. The opinion

of the chief justice, it is true, was not sustained by the associate justices, who held the rate bill and warrant to be a sufficient justification to the officer. And there are some decisions in the neighbouring states to the same effect. Yet his opinion was adopted by this Court in the case of *Bates* vs. *Hazeltine*, 1 *Vt. Rep.* 81, where it was decided, that the collector of a district school tax must not only show his rate bill and warrant, but also the organization of the district, the appointment of the committee, and the vote laying the tax ; and the Court remark, that if the tax was not legally imposed, the collector had no right to collect it. This authority is decisive upon this part of the case, viz. that the collector is liable if the tax is illegal.

The next question is, whether the tax was legal. It seems it was voted on the 15th May, 1830, on the list of 1830. By the general law in relation to lists and listers, the lists are to be given in in the month of April. After they are given in, the listers are to add assessments by the twentieth of June, and also the appraisal of the real estate in those years when such appraisal must be made ; and to add two folds in the month of September ; and the whole list is not to be completed until 10th December.

Taxes are required to be apportioned on the list of the polls and ratable estate ; and it seems to me, it would be proper that all the taxes voted as granted in any one year, should be laid on one list, and that one completed or perfected.

It is very clear, that a vote to raise a tax on a list to be given in at any distance of time would not be legal, as on a list to be made up, one, two or ten years thereafter. It is true the decision in the case of *Mountville* vs. *Houghton*, 7 *Con.* 543, recognises that a tax voted in November, 1823, on a list which was not, and could not be, completed until August, 1824, was legal ; but it seems to be founded on the usage or practice, which had prevailed in that state, confirmed by a statute passed in 1826. Possibly there might be cases, in which it would be better to lay the tax on the list which is making. But leaving this question, as to the right of towns to vote a tax on the list perfected, or on the list which is making between the 1st April and 10th December, it cannot be doubted on what list a school tax must be voted. The statute of 1827, for support of schools, 7th section, prescribes who shall be considered as lawful voters in a school district.

Any man who is twenty-one years old, and is liable to pay taxes in said district, and is a resident of the district at the time, shall be considered a lawful voter. By the 11th section, the committee

WASHINGTON
March,
1832.

Waters.
vs.
Daines.

are required to assess any tax voted by the district on the polls and ratable estate of the inhabitants, who are defined to be the inhabitants living in the district, within thirty days after the vote raising the tax. And although this may be, and is considered, as directory merely, so far, that if the committee neglect to make the assessment within thirty days, and do make it after that time, yet the tax on that account would not be illegal, but might be collected. It is nevertheless decisive as to what list it must be assessed on; that is, the tax must be voted on a list completed, so that the committee could exercise the power devolving on them, within the period prescribed by the statute, and voted by persons whose liability to, pay the tax is ascertained by a list already made out. We are, therefore, all agreed in saying, that a school district cannot vote a tax on a list which is not to be completed until after thirty days from voting the tax; and we apprehend the decision in the case from Connecticut is not at all at variance with the principle which we here adopt; for *Judge Daggett* says, in that case, if the tax was laid in 1823, on the list of 1823, and the rate bill was to be made out immediately, there would be force in the argument against it, as the tax could not be completed until several months after.

Inasmuch as in this case the tax was voted in May, on the list of 1830, which could not be completed until the December following, and could not be assessed within thirty days, as required by the statute, it was illegal, and rendered all the subsequent proceedings, had to enforce the collection thereof, illegal also.

It has, however, been argued, that the rate bill and warrant, being regular on their face, and the district having jurisdiction of the subject matter, the defendant is protected;—that the district had the power of raising the very tax that was voted; and if it ought to have been on another list, it was no more than the improper exercise of a legal and given power. This argument however is built on a false basis. It assumes as its foundation the very fact which the defendant is endeavouring to establish. The district had no power to vote this very tax. They had the power of raising a tax on the list then made; but they had no power to lay the tax on any other apportionment; and these proceedings were as manifest a departure from the authority given in the statute, as they would have been, had the tax been voted on the list of the polls only, on the list of the real estate alone, or on any one of the species of personal property which are to be given into the list. If from this argument it could be deduced that the irregu-

WASHINGTON,
March,
1832.

Waters
vs.
Daines.

larity here complained of was a mere mistake, mischarge or over-charge, in assessing or making up the rate bill, it would avail the defendant; but the objection in this case goes beyond the proceedings of the committee, and is directed against the proceedings of the district itself, of which both the plaintiff and defendant are members. The collector cannot be compared to an officer acting under the proceedings of a court of competent jurisdiction, where the proceedings are held to be regular, both with respect to him and the party, until set aside, as we consider there was clearly a want of power in the district to lay this tax on the list on which it was voted. And whether it is considered a case where there was a want of authority to lay the tax, or an illegality in laying it; in either case, it would afford no justification to the officer who attempted to collect the same.

The judgement of the county court must, therefore, be affirmed.