M. A. KENT *vs.* THE VILLAGE OF ENOSBURG FALLS
and W. A. KENDALL *vs.* THE SAME.

January Term, 1899.

Present: TAFT, C. J., ROWELL, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed February 11, 1899.

*Sessions Proceedings—Jurisdiction.*—The defendant's charter authorizes its trustees, on the application in writing of five or more freeholders and lawful voters of the village, to make and maintain common sewers, when the public health or convenience requires their construction, and assess abutting landowners benefitted thereby. *Held,*

(1)  That the trustees had no jurisdiction unless they found that the public health or convenience required the construction, and that this jurisdictional fact must appear of record and could not be inferred from their having granted the prayer of the petition.

(2)  That the question of jurisdiction was well raised in the county court upon the appeal from the preliminary proceedings.

(3)  That the failure of the record to show that the trustees found this jurisdictional fact was not made good by the finding of the county court commissioners that the public health and convenience required the construction.

(4)  That the petition was bad in failing to show upon its face that the owners were freeholders and legal voters of the village.

APPEALS from sewer assessments made by the trustees of defendant village under Acts 1892, No. 119. Heard on the report of commissioners, at the September term, 1898, Franklin county, *Tyler,* J., presiding. Petitions dismissed with costs. The petitioners excepted.

*Emmett McFeeters* and *Farrington & Post* for the petitioners.

*Wilson & Hall* for the defendant.

ROWELL, J. These are appeals from sewer assessments by the trustees of the defendant village. The primary question is one of jurisdiction, which can be properly raised on these appeals. *Boyden and Herrick* v. *The Village of Brattleboro,* 65 Vt. 504.

The defendant's charter authorizes its trustees, on the application in writing of five or more freeholders and lawful voters of the village, to make and maintain common sewers when the public health or convenience requires their construction, and to assess abutting landowners benefitted thereby. This makes the question of whether the public health or convenience requires the construction of a sewer a jurisdictional fact, and the establishment of it by the trustees themselves is necessary in order to confer jurisdiction and to enable them to act legally in the concrete case. Now it does not affirmatively appear in these cases that the trustees found that fact; but the village claims that it must be taken that they did find it, because they voted to grant the prayer of the petition asking for the sewer, and proceeded to construct it accordingly. But as this is a sessions proceeding, the exercise of jurisdiction does not imply a previous ascertainment of the facts necessary to confer it. Nothing is presumed in favor of the jurisdiction of boards and inferior courts exercising special and limited statutory powers not according to the course of the common law, but the facts that confer jurisdiction must affirmatively appear. This has often been held in this State. *Bates* v. *Hazeltine*, 1 Vt. 81; *Barrett* v. *Crane*, 16 Vt. 246; *Hewes* v. *Andover*, 16 Vt. 510. And the rule is the same elsewhere, with some exceptions. 12 Ency. Pl. & Pr. 176, 212, 213; 1 Smith Lead. Cas. [*816; 2 Whart. Ev. § 1308; *Carratt* v. *Morley*, 1 Q. B. 18.

If the rule were not so, there would be no distinction between inferior tribunals and courts of general jurisdiction; for when it is shown that an inferior tribunal had jurisdiction, the maxim that all acts are presumed to have been rightly and regularly done, applies to it the same as to a court of general jurisdiction. 12 Ency. Pl. & Pr. 201, 202; 1 Smith Lead. Cas. 817*].

The finding by the commissioners appointed by the county court that said jurisdictional fact existed is of no avail,

because, as we have said, it was for the trustees to find that fact.

The petition herein is not good, as it does not show on its face that the requisite number, nor indeed any, of the signers thereof were freeholders and legal voters of the village. This it should show, as those are necessary jurisdictional facts; and in sessions proceedings, of which this is one, jurisdiction must appear on the face of the record. *Hewes* v. *Andover*, 16 Vt. 510. And see 12 Ency. Pl. & Pr. 177–8. It is unnecessary to consider whether the petition is amendable in this respect, as the other question is fatal to the judgments below.

> *Judgments reversed, assessments annulled and set aside, and judgment for the petitioners to recover their costs in this court and the court below.*