### A. C. BLANCHARD, ET AL. *v.* CITY OF BARRE.

January Term, 1905.

Present:  ROWELL, C. J., TYLER, MUNSON, START, WATSON, HASELTON, and POWERS, JJ.

Opinion filed May 18, 1905.

*Municipal Corporations—Charter Provisions—Street Paving Assessments — Session Proceedings — Jurisdictional Facts—Judicial Determination by City Council—Delegation of Power—Cloud on Title—Bill to Remove—Equitable Jurisdiction—Constitutional Questions—When Considered.*

The power of a city to make a street paving assessment exists only when distinctly conferred by legislative authority, and where the mode of exercising the power is prescribed it must be followed, and the assessment must affirmatively show on its face that it was made according to the prescribed rule.

Nothing will be presumed in aid of the regularity of session proceedings. The facts necessary to give jurisdiction must affirmatively appear.

The charter of the city of Barre gives the city council power to order the street commissioners to drain, pave or macadamize a street, when the council, by resolution, "decide that the public good and

the convenience and necessity of individuals demand" the contemplated improvement to be made. *Held*, that a resolution passed by the council reciting that "Whereas it seems desirable" that a certain portion of a street should be paved, and directing the street commissioners to "issue notice to abutting owners, hold hearings, hear the claims of those interested, and if, in their judgment, the public good and convenience and necessity of individuals demand it, to have said portion" of the street so paved, was not a determination by the council of the necessity and expediency of the proposed improvement.

The city council had no jurisdiction unless they found that the public good and the convenience and necessity of individuals demanded the contemplated improvement to be made, and the determination of that essential jurisdictional fact is judicial in character and cannot be delegated.

Hence the determination by the street commissioners, pursuant to such attempted delegated power, that the public good and convenience and necessity of individuals demanded the street to be paved, was void, and an assessment made thereunder invalid.

The charter of the city of Barre provides that when a paving assessment has been recorded in the city clerk's office the amount assessed shall be and remain a lien in the nature of a tax on the property assessed until the same is paid. The bill alleged that said invalid assessment against the orator's lands had so become a lien theron; and was a cloud on the title, and prayed for the removal thereof. *Held*, that, as the assessment proceeding constituting the alleged cloud was void on its face and no extrinsic evidence was required to show its invalidity, there was no cloud to remove, and a court of equity would not interfere.

A bill to enjoin the collection of a paving assessment and to remove the cloud consequent thereon from the orator's title, alleging that the assessment was invalid because made according to frontage and not "according to special benefits" to the land assessed, as required by the city charter, showed that the assessment proceeding was void on its face for non-compliance with the mode prescribed. *Held*, that, no fraud being alleged, orator had an adequate remedy at law.

Courts will not pass upon the constitutionality of a statute, unless it it necessary to do so in order to finally determine the case.

APPEAL IN CHANCERY. Heard on demurrer to the bill of complaint at the March Term, 1904, Washington County, *Tyler*, Chancellor. Demurrer overruled, *pro forma*, bill adjudged sufficient and taken as confessed. The defendant appealed. The opinion fully states the case.

*Richard A. Hoar,* and *Senter & Senter* for the orators.

The paving assessment cannot legally be made unless the owners of the property to be assessed are notified and given the opportunity to be heard by the city council as to the necessity of the proposed improvement. *Stearns* v. *Barre,* 73 Vt. 281; *Foster* v. *Bank,* 57 Vt. 132; *Snow* v. *Sandgate,* 66 Vt. 451.

The charter is unconstitutional in that it does not provide that the parties interested shall be heard on the question of benefits to the land assessed. *Falbrook Irg. Dist.* v. *Bradley,* 164 U. S. 174; *Spencer* v. *Merchant,* 125 U. S. 345, *Walstun* v. *Levin,* 128 U. S. 578.

The power vested in the city council to decide that the public good and the necessity of individuals demand the proposed improvement to be made is judicial in character and cannot be delegated. *Henry* v. *Chester,* 15 Vt. 460; *Bolton* v. *Gilleran,* 105 Gal. 244, 45 Am. St. Rep. 33; *Workmen* v. *Chicago,* 61 Ill. 463; *Smith* v. *Duncan,* 77 Ind. 92; *Hydes* v. *Joyes,* 4 Bush. (Ky.) 464; *Baltimore* v. *Scarf,* 54 Md. 499; *Scofield* v. *Lansing,* 17 Mich. 437; *Minneapolis Gas Light Co.* v. *Minneapolis,* 36 Minn. 159; *Thompson* v. *Boonville,* 61 Mo. 282; *State* v. *Trenton,* 42 N. J. L. 74; Matter of Emigrant Industrial Sav. Bank, 75 N. Y. 393; *McCrowell* v. *City of Bristol,* (Va.) 43 Am. & Eng. Corp. Cas. 149.

*Gordon & Jackson* for the defendant.

The necessity and expediency of paving the street is not a question on which the abuttors have a right to an appeal. The Legislature had a right to delegate the decision of this question to the city council or to any other tribunal. Cooley on Taxation, 2 Ed. p. 653-4, 656 and 657; *Ludlow* v. *Trustee*, 78 Ky. 357; *Moore* v. *People*, 106 Ill. 376; *County of Henipen* v. *Bartlesson*, 37 Minn. 343; Matter of D'Peyster, 80 N. Y. 565; Washington Ave., 69 Pa. St. 352; 8 Am. St. Rep. 255; *Fairbanks* v. *Mayor et al.*, 13 Mass. 42; *City of Fort Wayne* v. *Cody*, 43 Ind. 197; *Ricketts* v. *Spraker*, 77 Ind. 371; *Anderson* v. *Baker*, 98 Ind. 587; *Thomas* v. *Gain*, 98 Ind. 587; *Kelley* v. *Minneapolis*, 57 Minn. 294, 47 Am. St. Rep. 605, 610; *Allen* v. *Drew*, 44 Vt. 174; *State* v. *Fuller*, 34 N. J. L. 227; Cooley on Taxation, 2 Ed. 623-4; *People Ex. Rel. John Davidson et al.* v. *Gilon et al.*, 126 N. Y. 147 to 157.

The ordinance of the city council directing the street commissioners to pave the street settles the question that the necessity and expediency contemplated by the charter had arisen. *Young* v. *St. Louis et al.*, 47 Mo. 492, 494; *People* v. *Bowen*, 21 N. Y. 517; *Kiley* v. *Forsee*, 57 Mo. 390, 394-5; *Bohles' Admr.* v. *Stannard*, 7 Mo. App. 51, 54-5; *Serbert* v. *Tiffany* 8 Mo. App. 33, 37; *Waln* v. *Philadelphia*, 99 Pa. St., 330-337.

WATSON, J.   The orators seek an injunction perpetually restraining the defendant from taking and selling the orators' land or any part thereof to satisfy certain assessments made thereon for paving a portion of Main street, and from taking any further steps to collect said assessments, and to remove the cloud consequent on the same from the orators' title. The case is here on demurrer to the bill, hence all matters well pleaded stand admitted.

By the defendant's charter,—Laws of 1894, No. 165 as amended by laws of 1902, No. 211,—the administration of all fiscal, prudential, and municipal affairs of the city and the government thereof is vested in the mayor and board of aldermen. The board of aldermen consists of six members, one of whom is elected president of the board. The mayor and board of aldermen, when assembled in joint session, constitute and are the city council. At all meetings of the city council, the mayor is to preside, except that in case of his absence, or disability, the president of the board of aldermen shall preside.

Section 13 of the charter provides for a standing committee of the board of aldermen on streets and highways to consist of three members of the board, and that the members of such standing committee shall constitute the board of street commissioners. By this section also, "Whenever a petition in writing shall be presented to the city council, signed by the owner or owners of two-thirds of the frontage upon any street, lane or alley in said city, or of any portion of such street, lane or alley, particularly describing such street, lane or alley, or portion thereof, and praying that the same may be drained, graded, paved or macadamized, curbed and guttered, or that any of such improvements may be made, or when the city council, by resolution duly passed, shall decide that the public good, and the convenience and necessity of individuals demand that any street, lane or alley, or any portion thereof, should be drained, graded, paved or macadamized, curbed and guttered, or that any of said improvements shall be made, the city council shall forthwith order and direct the street commissioners to cause such street, lane or alley, or such portion thereof, as shall be specified in such petition or resolution of said city council to be drained, graded, paved or macadamized, and curbed and guttered, as

the case may be. And the street commissioners, on giving twelve days' notice of the time and place of hearing to the parties interested, in the manner provided in section 3296 of the Vermont Statutes, shall assess not to exceed one-half the total cost and expense thereof upon all the lots and buildings fronting upon or adjacent to the street, lane or alley, or part thereof, specified and described in such petition, or specified in said resolution, to be drained, graded, paved or macadamized, curbed and guttered, as aforesaid, according to the special benefits to such lands or buildings upon such street, lane or alley, or portion thereof, according to frontage. And said street commissioners shall make up a statement of all such assessments, particularly describing the lands or buildings assessed, and such statement they shall forthwith cause to be recorded in the city clerk's office, and when so recorded, the amount so assessed shall be and remain a lien, in the nature of a tax, upon the lands or buildings assessed, until the same shall be paid, when said lien shall be discharged by the city clerk. It shall be the duty of the city clerk to place such lists of assessments in the hands of the city treasurer for collection, as soon after he shall have recorded the same as may be. The city treasurer shall thereupon forthwith notify in writing the owner or owners of lands or buildings so assessed, their agents or attorneys, stating therein the amount of such assessments, and all such assessments shall be paid to the city treasurer within sixty days after such notice, unless," etc.

It is alleged that the city council never decided, nor was there any judgment, decree, or finding, by it, that the public good, convenience and necessity of individuals demanded the said street, or portion thereof, should be drained, paved, curbed and guttered on a concrete foundation; but that on the 10th day of June, 1903, without any petition therefor from

the abutting land owners fronting said street, and without notice or hearing, or right to be heard by the orators, the following resolution was passed by the city council, and signed by the president of the board of aldermen:

"Resolved by the city council of the city of Barre, now in session, as follows,—that, whereas, it seems desirable that Main street, from its intersection with Prospect street to the National Bank of Barre, should be paved with granite blocks: Therefore, be it resolved that the street commissioners be and are hereby instructed to issue notice to abutting owners, hold hearings, hear the claims of those interested, and if, in their judgment, the public good and convenience and necessity of individuals demand it, to have said portion of Main street so paved, in accordance with the provisions of the city charter and city ordinances."

That this resolution purports to have been adopted June 10th, 1903, and approved on the same day by the mayor; that the city council, by resolution, did not order and direct the street commissioners to cause said street, or such portion thereof as is specified in said resolution, to be drained, graded, curbed and guttered, or to place in said highway concrete foundation for said pavements; that the street commissioners on the 24th day of June, 1903, without authority in law, held a meeting to ascertain whether or not the public good, and the convenience and necessity of individuals demanded that said street, or a portion thereof, should be drained, graded, paved and guttered, and that said commissioners thereafter adjudged that the public good, and the convenience and necessity of individuals did demand that the portion of Main street, between Prospect street and the National Bank, should be paved with granite blocks on a concrete foundation, and that the abutting land owners, on said street, should be assessed for the same according to the provisions of the city charter

and ordinances; that said alleged finding was dated the 26th day of June, 1903, and signed by the street commissioners;. that the street commissioners, in accordance with the pro-- visions of said finding, and not otherwise, caused North Main street, from the center of Prospect street northerly past the land and premises of the orators, to be drained, graded, paved with granite blocks, curbed and guttered, on a concrete foun- dation, in accordance with certain plans and specifications. prepared by the city engineer, under the direction of the street commissioners.

It is further alleged that on the 2nd day of November, 1903, after the work had been completed, the street com-- missioners assessed the orator Blanchard's lands and build- ings on the frontage, in the aggregate $335.75, and the land and premises of the orator Averill, on the frontage, in the aggregate $211.21; that the street commissioners have made up a statement of these assessments and caused the same to be recorded in the city clerk's office, and that said assess- ments, so recorded, have become a lien in the nature of a tax. upon the lands and buildings of the orators, and have become, by virtue of the record and the city charter, an incumbrance upon the property of the orator Blanchard for the sum of $335.75, and upon the property of the orator Averill to the amount of $211.21; and that the city clerk has placed said list and assessments in the hands of the city treasurer for col- lection, and has notified the orators that unless the same shall be paid forthwith, the city treasurer will issue a warrant to the constable of the city for collection.

Under the provisions of the charter, the city council have jurisdiction to order and direct the street commissioners to cause a street, lane or alley, or any portion thereof, to be drained, paved or macadamized, curbed and guttered only, (1) "When a petition in writing shall be presented to the

city council signed by the owner or owners of two-thirds of the frontage upon such street, lane or alley, or any portion thereof, and praying that the same may be drained, graded, paved or macadamized, curbed and guttered, or that any of such improvements may be made," or (2) "When the city council, by resolution duly passed, shall decide that the public good, and the convenience and necessity of individuals demand the contemplated improvement to be made." *Kent* v. *Village of Enosburgh Falls,* 71 Vt., 255, 44 Atl. 343.

The existence of either of these jurisdictional facts is negatived by the allegations in the bill. It is urged, however, that the resolution adopted by the city council June 10th, 1903, is in effect a direct finding by that body that, in its judgment, the public good and convenience and necessity of individuals require the street to be paved. But we do not think it is fairly subject to such construction; for, after stating "that whereas it seems desirable" that a certain portion of Main Street should be paved, it then expressly instructs the street commissioners "to issue notice to the abutting owners, hold hearings, hear the claims of those interested, and if, in their judgment, the public good and convenience and necessity of individuals demand it, to have said portion" of the street so paved, etc., in language too plain in meaning to admit of doubt. This reference of the question excludes the idea that it had been determined by the city council, or that it was so understood by them.

The determination of the jurisdictional fact thus attempted to be referred is judicial in character,—*Stearns* v. *City of Barre,* 73 Vt., 281, 50 Atl. 1086,—and it cannot be delegated, the maxim of the law being *delegatus non potest delegare.* An individual clothed with judicial functions cannot delegate the discharge of those functions to another, unless he is expressly empowered to do so under specified circumstances. For the

ordinary rule is, that although a ministerial officer may appoint a deputy, a judicial officer cannot. Broome's Leg. Max. (8th Ed.) 840; *Walsh* v. *Southworth*, 6 Exch., 150; *Baker* v. *Cave*, 1 H. & N., 674; 3 Kent's Com. *457. Consequently, the acts of the street commissioners, pursuant to such attempted delegated power in determining that the public good, and the convenience and necessity of individuals, demanded that a portion of Main street be paved, were without authority in law and void. It follows that the paving of the street and the assessment of a portion of the expense thereof on the orators' lands and buildings were unauthorized and invalid.

It is further contended by the defendant that on the case made out by the bill, the orators have adequate remedy at law, and there is no ground for relief in equity. By the provisions of the city charter, an assessment made upon lands or buildings, as a portion of the expense of paving a street, etc., shall be recorded in the city clerk's office, and when so recorded, the amount so assessed shall be and remain a lien, in the nature of a tax, upon the lands or buildings assessed, until the same shall be paid. The bill alleges that the assessment against the orators' lands and buildings has so become a lien thereon, and is a cloud on the title, to remove which a court of equity has jurisdiction.

The question is thus presented, whether the so-called lien is a cloud upon the title. If it is, there can be no doubt regarding equity jurisdiction; but if it is not, the orators cannot stand upon this ground for equitable relief.

These are session proceedings concerning the regularity of which nothing is presumed. The facts necessary to give jurisdiction must affirmatively appear. *Kent* v. *Village of Enosburgh Falls*, before cited. Since these facts are wanting the proceeding constituting the alleged cloud is void on its

face, so that no extrinsic evidence is necessary to show its invalidity. In these circumstances there is no cloud to remove, and a court of equity will not interfere, but leave the party to his remedy at law. 3 Pom. Eq. Jur.'§ 1399; *Rooney* v. *Soule,* 45 Vt. 303. This rule was applied in its converse form and equitable relief granted in *Hyser* v. *Mansfield,* 72 Vt. 71, 47 Atl. 105.

The charter provides that an assessment shall be made "according to special benefits to such lands or buildings upon such street, lane or alley, or portion thereof, according to the frontage." The bill alleges that the assessment was made according to frontage without reference to special benefit of the different properties, and the amount that each owner of land fronting said street was specially benefitted according to frontage. It further alleges that some of the property is very much more improved by way of buildings erected thereon than the orators' and that some of the lots are deeper than the orators', and that some lots contained two or three times the number of square feet contained in the land of the respective orators.

The power to make such assessments exists only when distinctly conferred by legislative authority, and where the mode of exercising the power is prescribed, it must be followed. And the assessment must affirmatively show, on its face, that it was made according to the rule prescribed; for the law regards it as of the substance of the proceedings, and we cannot treat it as immaterial, nor can presumption supply its place. *Merritt, et al* v. *Village of Portchester,* 71 N. Y., 309; *Liebermann* v. *City of Milwaukee,* 89 Wis., 336; *Hayes* v. *Douglas,* 92 Wis., 429; *State, New Brunswick Rubber Co.* v. *Commissioners of Streets and Sewers,* 38 N. J. L., 190; *Nichols* v. *City of Bridgeport,* 23 Conn., 189, 60 Am. Dec., 636.

It follows that in the absence of fraud—and none is alleged in the bill—any illegality of the tax consequent on a non-compliance with the law in the mode of assessment must, as in the case of a failure to find an essential jurisdictional fact, necessarily appear on the face of the proceedings, and the orators have an adequate remedy at law.

The orators contend that the law under which the assessments were made deprives the land owners of their property without due process of law, and is therefore unconstitutional. But we have not considered this question, since it is a generally recognized rule that courts will not pass upon the constitutionality of a statute unless it is necessary to the final determination of the case.

*The pro forma decree is reversed, and cause remanded with mandate that the demurrer be sustained, the bill adjudged insufficient and dismissed with costs.*