CLARA FISHER ET AL. *v.* CITY OF ST. ALBANS.

November Term, 1913.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, and TAYLOR, JJ.

Opinion filed May 9, 1914.

*Municipal Corporations—Public Improvements—Sewers—Assessments—Determination as to Necessity—Sufficiency—Assessment Void ·on Its Face—Relief in Equity—Cloud on Title.*

Where a city charter authorized the city council to construct "necessary" sewers and to assess the adjoining landowners for the special benefits resulting therefrom, and an ordinance provided that whenever the public health or convenience required the laying of sewers it should be done in accordance with the provisions of the charter, a finding by the council that a sewer was necessary is essential to its jurisdiction to construct the sewer, and that finding cannot be presumed, but must affirmatively appear in the proceeding.

No presumption that the construction of a sewer was found ·by the city council to be necessary arises from the fact that the council granted the petition therefor.

The fact that the word "necessary" was used in a city charter as a qualifying term, and not in a clause of direct limitation, does not affect the application of the rule.

A charter provision authorizing the city council to construct "necessary" sewers, implies an improvement necessary ·with reference to the

public requirements, and that such necessity is to be determined by the judgment of the council.

A resolution by a city council that the petition for the construction of a sewer "be granted provided the city attorney finds no objection to the same being laid" does not warrant the inference that the council passed on the question of the necessity for the construction of the sewer.

Where it is apparent on the face of the corporate records that a special assessment for the construction of a sewer is invalid, and so does not constitute a lien on adjacent lands, the proceedings are not a cloud on the land titles, and the landowners' remedy at law is adequate.

Where a bill in equity to restrain the collection of assessments for the construction of a sewer does not claim relief against a multiplicity of suits, and the assigned causes of demurrer refer to no allegations likely to bring that question to the attention of the court, orators cannot claim, on appeal from a decree dismissing the bill on demurrer, that it can be maintained on that ground.

APPEAL IN CHANCERY. Heard on demurrer to the bill, at the March Term, 1913, Franklin County, *Miles,* Chanceller. Demurrer sustained, bill adjudged insufficient, and dismissed. The orators appealed. The opinion states the case.

*M. H. Alexander* for the orators.

*Stephen S. Cushing* and *George M. Hogan* for the defendant.

MUNSON, J. The orators are severally the owners of lots abutting on South Main Street in the city of St. Albans; and they bring this bill to have the city enjoined from selling any part of said lands to satisfy assessments made thereon for the purpose of constructing a sewer along said street, and from proceeding in any manner to collect such assessments. The bill is demurred to, and the defendant insists that it should be dismissed for want of equity. The orators insist that the assessment is void, but claim that upon the case made by the bill they are entitled to have its invalidity decreed in equity.

The defendant's charter empowers the city council to locate and establish necessary sewers, and assess the owners of lands

adjoining such sewers so much of the expense of laying them as they shall judge such lands to be benefitted thereby; and provides that such assessment shall be a lien upon the lands assessed, and that in default of payment enough land may be sold to satisfy the assessment. An ordinance adopted by the city council under charter authorization provides that whenever the public health and convenience requires the laying and establishing of a sewer it shall be done in accordance with the provisions of the charter. The vote authorizing this sewer was taken upon a petition, and was in terms, "that the petition be granted provided the city attorney finds no objection to the same being laid." The orators contend that this action was invalid because the city council failed to find that the sewer was required by the public health and convenience. The defendant does not directly question this position, but insists that if it is correct the orators have alleged themselves out of court.

It is claimed that the record of the proceedings of the city council fails to show an ascertainment of the public need, and that without a finding of this fact the council had no authority to take the action complained of. It is well settled that everything essential to the jurisdiction of such a body must affirmatively appear, and that the requirement of a preliminary finding of public necessity or convenience makes the existence of that necessity or convenience a jurisdictional fact. *Kent* v. *Village of Enosburg Falls*, 71 Vt. 255, 44 Atl. 343; *Blanchard* v. *City of Barre*, 77 Vt. 420, 60 Atl. 970. In the cases cited the requirement was contained in the charter, while here it is found in an ordinance of the city council. But it is not necessary to consider the force and effect of an ordinance which operates as a restriction upon the exercise of a power conferred by the charter. The defendant's charter authorizes the establishment of "necessary" sewers only, and the city council has no charter authority to establish a sewer and assess part of the expense upon abutting landowners without finding that a necessity for its construction exists. No presumption that it was found to be necessary can be based upon the fact that the petition for it was acted upon favorably. *Kent* v. *Village of Enosburg Falls*.

The fact that the word "necessary" is used merely as a qualifying term, and not in a clause of direct limitation, cannot affect the application of the rule. Of course the language implies an improvement necessary with reference to the public

requirements; and this necessity is to be determined by the judgment of the city council. In *State* v. *City of Patterson*, 34 N. J. L. 167, the mayor and aldermen were authorized to purchase "suitable" sites and erect thereon public markets, and employ "suitable" architects, engineers and other persons to accomplish the work. The mayor and aldermen appointed commissioners to purchase land and erect the buildings, and it was held that the mayor and aldermen were required to use judgment and discretion in determining the suitableness of the site and of the persons employed for the work, and that they could not delegate the selection to others.

No inference that the city council passed upon the question of necessity can be drawn from the language in which the matter was turned over to the final determination of the city attorney, nor from the nature of the ordinary duties of that official. The generality of the language employed gave ample room for the consideration of objections of every nature bearing upon the propriety of exercising the authority of the city council in this particular instance.

We conclude therefore that the assessment imposed upon the orators is invalid, and does not constitute a lien upon the lands of the orators; and that inasmuch as the defect is apparent upon the face of the corporate records the proceedings are not a cloud upon the orators' titles. So the orators' remedy at law is adequate in this respect. *Blanchard* v. *City of Barre*, 77 Vt. 420, 60 Atl. 970.

The orators' brief concludes with the claim that the bill can be maintained as a relief against a multiplicity of suits, but we do not consider this question. No such ground of relief is claimed in the bill, and the assigned causes of demurrer contain no reference to the allegations of the bill that would be likely to bring this question to the attention of the court as a matter in issue. The bill was properly dismissed.

*Decree affirmed and cause remanded.*