### JERIAL TRESCOTT *v.* ELIAS C. BAKER.

#### *Amendment.    Arbitration.*

A declaration containing only the general indebitatus assumpsit counts may be amended by adding to it a count upon a parol submission and award.

*Quaere,* Whether by an award made upon a submission of all demands, a claim is barred which was not intended to be submitted, and which in point of fact was not awarded upon.

*Held,* That the subject matter of the present suit had no necessary connection with the submission and award relied upon by the defendant as a bar, either by the terms of the submission itself, or by the intention and understanding of the parties respecting it.

ASSUMPSIT. The original declaration contained only the general money count. In the county court the plaintiff filed additional counts declaring upon a parol submission alleged to have been made by the plaintiff and the defendant of certain controversies between them respecting the moneys paid by each of them towards the purchase of certain lands owned by them in Brownington to the arbitrament of one Harry Bingham, and an award made by him thereon. The defendant moved that the new counts be disallowed and dismissed on account of their declaring upon a new, distinct and independent cause of action which could not be recovered for under the orignal count. The county court, ———— Term, 1855,— UNDERWOOD, J., presiding,— overruled the motion and allowed the new counts to stand as a part of the plaintiff's declaration. To this ruling the defendant excepted. The defendant then plead the general issue, and, secondly, a subsequent submission of all matters between the parties, and an award thereon of a sum in favor of the defendant. To the defendant's second plea the plaintiff replied that the award declared on was not one of the matters in difference submitted to the second arbitrators, and was not determined by them; but that their award was upon other matters. This replication was traversed by the defendant. Trial by jury, December Term, 1856,— POLAND, J., presiding.

The plaintiff gave evidence tending to prove that he and the defendant were brothers-in-law, and had formerly resided in Royalton, Vermont; that some time prior to 1854 they both sold out at Royalton and removed to Brownington where they made a joint purchase of a farm, a saw-mill and several lots of land, and both had paid some portion of the purchase money but the plaintiff much the larger part; that they had also carried on the farm and the mill jointly for some time, and difficulties had arisen between them in relation to their accounts relating to the purchase money paid by each, the carrying on said farm and mill, and also as to some former dealing between them, and also as to the division of the property jointly purchased and owned by them; and that they mutually agreed to submit all their differences to Harry Bingham, Esq., of Royalton, and a submission bond was mutually executed between between them, and Bingham was sent for to come up and determine the same; that Bingham came to Brownington on Sat-

urday the 16th day of September, 1854 and saw the parties, but in consequence of sickness in his family could not remain longer than the Monday after; that the defendant was not prepared to go into a hearing of all the matters between him and the plaintiff at that time, but as the money transactions between the parties relating to the purchase of the Brownington property and payments toward the same had been done mainly through Bingham it was agreed between the plaintiff and the defendant to submit those matters to him and have them determined then, and that hereupon Bingham proceeded to examine the accounts, and having ascertained the balance due to the plaintiff, growing out of such purchase and payment, awarded that the defendant should pay the same, being the sum mentioned in the plaintiff's declaration.    This award was wholly in parol, and Bingham after making it immediately left for home.

The defendant then gave evidence tending to prove that no such parol submission was made to Bingham as the plaintiff claimed, and that Bingham only made out the accounts between the parties of their payments respectively toward the purchase money but that he made no award.    The defendant also gave in evidence a submission in writing between the parties dated September 21, 1854, and an award made by the arbitrators named therein dated the 30th of September, 1854.    It was conceded that, at the hearing before these last named arbitrators, the plaintiff did not produce before them the award made by Bingham nor any claim for the moneys paid by him towards these lands, and that the same were not in any way passed upon by them.    Prior to the hearing before the board of arbitrators the plaintiff had commenced a suit upon the award made by Bingham and attached the defendant's property threon, and the defendant's counsel presented a copy of said writ and claimed that the defendant was entitled to damages for being sued and his property attached.    It did not appear that this matter was before the arbitrators in any other form than by the presentation of said copy.    The defendants counsel claimed that whether Bingham made an award in favor of the plaintiff or not, that the written submission and award thereon covered all matters between the parties, and that the plaintiff could not recover.

The court charged the jury that if the parties made a parol

submission of their accounts in relation to the purchase money to Bingham, and he made an award thereon, that that award was not covered by the submission, and, as it was conceded that claim was not in fact included in the last award by the second arbitrators, the plaintiff would be entitled to recover. But that if no award was made by Bingham then the plaintiff's claim was covered by the written submission and the plaintiff could not recover. The jury returned a verdict for the plaintiff. The defendant excepted to the charge of the court as above stated.

The submission plead by the defendant was under seal and recited "whereas, differences have arisen and are now depending between the above bounden Elias C. Baker of the one part and Jeriel Trescott of the other part      *      *      *      * and all the difference and accounts concerning the copartnership between E. C. Baker and J. Trescott from the beginning up to this time, also all old accounts that are lawful and equitable of a private nature between the said E. C. Baker and wife and J. Trescott      *      *      *      * the said parties have agreed to refer to award and determination of"      *      *      *      * and concluded by the parties binding themselves in the penal sum of four hundred dollars " to abide the award of the said arbitrators," &c.   (The omitted portions of the submission referred to the disposition which had been, or was to be made between them of certain real estate then or heretofore owned by them in common, which disposition was to be considered by the referees in making their award.)

The award of the arbitrators was that " the said Jeriel Trescott shall pay or cause to be paid to the said Elias C. Baker the sum of four hundred and seventy-one dollars and sixty-one cents within thirty days from the date hereof in full payment, discharge, and satisfaction of all claims and demands growing out of or connected with the sale and exchanges of lands and all the differences and accounts concerning the copartnership from the beginning up to this time, also all old accounts of a private matter between E. C. Baker and wife and Trescott, also E. C. Baker is to clear the Stockwell place from all incumbrances within thirty days, and give possession the first of March, A. D. 1855, mentioned in the aforesaid submission.   And we further award and decree that the said J. Trescott and E. C. Baker shall and do, within thirty days next

ensuing the date hereof, execute and deliver unto each other mutual and general releases of all demands, claims, controversies, damages and accounts whatsoever connected with, relating to, or concerning the aforesaid matters and things in controversy and dispute."

*Cooper & Bartlett,* for the defendant.

*J. H. Kimball,* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, Ch. J.   I.  The first error alleged against the proceedings, in the court below, is in allowing an amendment by which the plaintiff was allowed to introduce a count declaring specially upon the award, the original declaration containing only the general counts.

By the English practice, it would seem that, in an action upon the award, the party is allowed to declare upon the original cause of action, and treat the award as a liquidation of the matter merely, where the submission is by parol, as in the present case.   This is the rule, too, in regard to an account stated.   It is no merger of the original cause of action ; and, perhaps, there is no violation of principle in treating a parol award as nothing more than an account stated.   If so, the action might have been maintained without the amendment.

But the objection to any amendment of the declaration is not properly that it introduces a new cause of action, for, strictly speaking, every amendment which is important is supposed to introduce a cause of action, upon which the plaintiff could not recover without the amendment, and so it is a cause of action not sufficiently set forth in the original declaration, and so, in a sense, new.   But every amended count, it has been said, should be upon the cause of action *intended* to have been declared upon.   And no question is made that the amendment comes within this rule.   And this is the approved rule as laid down in the modern books of practice, so that we are satisfied the amendment comes within the discretion of the county court to allow.

II. The principal question arises upon the effect of the sub-

mission and award. It seems to be the tendency of the recent cases, perhaps, to hold that a submission of all demands, and an award, although both the submission and award be by parol, will bar all past dealings between the parties. But this is a rule of policy merely, and not founded upon any obvious principle or very clearly established course of argument or reasoning; *Briggs* v. *Brewster*, 23 Vt. 100 ; *Robinson* v. *Morse*, 26 Vt. 392 ; S. C. 19 Law Reporter 768 (ante p. 404.)

In the last case, when it last came before this court, in March last, it was held that a submission reciting that " whereas, there are controversies about the settlement of *all our deal*, and agreeing to submit all such controversies which we cannot settle ourselves," did not include matters of deal between the parties, about which there was no controversy.

The very idea of a submission and award presupposes a matter in dispute, and if the parties, in terms, agree to submit all their deal, and, purposely and by mutual consent, omit to bring forward matters about which there is no controversy, it would cartainly be a remarkable construction to adopt, that the claims were thereby effectually barred and irretrievably lost. This would be giving a submission and award an operation altogether beyond that of the judgment of a court of competent jurisdiction. And where such omissions are made by mutual consent, it would no doubt be regarded within the power of the parties to so modify the submission. And if done by mistake, it is questionable how far there is any necessity of driving the party into a court of equity to correct the mistake. It is no doubt true that upon a general submission of all deal, and a general award, it must be regarded as, *prima facie*, a bar of all claims. And where one party voluntarily withholds claims, he ought, perhaps, to be held to have abandoned them.

But in the present case it is very obvious to us that the second submission had not, in terms or in intention, any necessary reference to the mere money advances made by the parties, in the nature of capital, and which, but a few days before this submission, had been submitted to an arbitrator and awarded upon. The last submission recites, in its preamble, that " whereas, differences have arisen and are now pending between E. C. B. on the one

part and J. T. on the other," then providing certain property shall be taken by one party and certain other property by the other, concludes, " and all differences and accounts concerning the copartnership," &c.   This, we think, must refer exclusively to unsettled accounts, and could have had no reference to an award already made upon a portion of those accounts.   Nor do we think it could have been with the contemplation of the parties, in making the second submission, that there should have been a reëxamination of the same accounts before settled, or that it was intended to have the balance found due this plaintiff adjusted in the second award, although this is more supposable, but, under all the surrounding circumstances, scarcely probable.   The case is very much like that of *Robinson* v. *Morse,* when last before the court.