Small, Administrator, *v.* Haskins.

GEORGE SMALL, *Administrator*, *v.* LEONARD HASKINS ET AL.

*Writ of error.    Exceptions.*

Decisions of the county court upon questions of law not appearing upon the record in any other way than by means of exceptions, not signed by the presiding judge, nor filed within thirty days from the rising of the court, can not be revised by the supreme court upon a writ of error.*

The only mode of allowing exceptions and passing causes to the supreme court upon them, is that prescribed by section 44 of chapter 28 of the Compiled Statutes.

But questions of law apparent upon the record by means of a report of auditors, or the pleadings, or placed there by the agreement of parties, may be revised in the supreme court by *writ of error* although no exceptions are filed in conformity with section 44 of chapter 28 of the Compiled Statutes. REDFIELD, Ch. J.

* See this case reported in 29 Vt. 187.

The reporter has received no papers in reference to this cause except the following opinion and the briefs of counsel.

The opinion of the court was delivered by

REDFIELD, Ch. J.   The defendant in error moves to dismiss the writ upon the ground that the questions of law attempted to be revised .are not part of the record in the case, except as they are made such by virtue of two bills of exceptions, neither of which were allowed, according to section 44 of chapter 28 of the Compiled Statutes.

The first bill of exceptions filed in the case is not allowed or signed by the presiding judge at the trial, which is expressly required by the section referred to.   The last bill of exceptions, although signed by the presiding judge, was not filed within thirty days after the rising of the court.   For these latter reasons in a case somewhat similarly situated at the last term in this county (*Phelps* v. *Nixon*), this court held that the case could not pass into this court for revision, by way of motion, the exceptions not being so allowed as to entitle the party to take such proceedings upon them.

It is now claimed that being allowed according to the requirements of section 43 of the same chapter, they may form the foundation of a proceeding in error; but after some reflection upon the subject since the former decision of this court, we find it difficult to sustain this writ of error without introducing too much uncertainty and confusion in the mode of placing exceptions upon the record of the county court.

This provision, almost in the words in which it now stands, was first enacted in 1824, at the first adoption of what was substantially the same system existing at present in regard to passing cases from the county into the supreme court.   That remained in force till 1840, when the Revised Statutes came in force, which contained the provision now embraced in the 44th section above referred to. This, as we have said, was held to supersede the former mode of allowing exceptions for the purpose of passing the case into this court for revision.   This decision was founded upon what was known to have been regarded as defects in the former law having special reference to the allowance of exceptions.

1. That the county judges, who were mere laymen, generally, and who took little interest or responsibility in the decision of questions of law in the course of trials in that court, and who generally kept no minutes either of the testimony or the questions decided by the court, sometimes assumed to allow bills of exceptions and place them upon the record in opposition to the opinion of the judge of the supreme court who presided at the trial.

2. Bills of exception with the stay of execution, were sometimes allowed out of time, and what created perhaps more uncertainty and was a greater evil, the stay of execution was sometimes entered upon the docket and no exceptions filed before the next term of the supreme court.

To remedy these evils the provision now forming the 44th section referred to was enacted, and it has been regarded as the exclusive mode of placing questions of law arising at the trial upon the record, and has been strictly enforced by this court since its enactment.

It is obvious, as suggested in the argument, that it is somewhat imperfect and liable to contingency, when great injustice might ensue, when in fact no exceptions could be obtained in cases of the greatest magnitude and importance. But that, as it seems to us, will scarcely justify a construction which shall allow of two different and conflicting modes of allowing exceptions.

It is observable that this 43d section still contains all the provision there is in regard to passing cases, by motion, into the supreme court, on exceptions, and also all the provision existing in regard to the stay of execution which will account for retaining the section in the revision, without supposing two modes of allowing exceptions to have been intended to be provided.

So, too, probably questions of law standing upon the record by a report of auditors, or upon pleadings, or placed upon the record by agreement of parties, might still be revised in this court by writ of error, although no exceptions to the judgment were filed in conformity with the 44th section. The case of *Carpenter* v. *Dole*, 13 Vt. 578, was of this character, and although the report of the case does not show that this question was raised, I recollect that the case was precisely of that character, and that the late Chief Justice WILLIAMS informed me that the question was raised, and

that the writ of error was maintained upon the ground that the questions of law appeared upon the record independent of the exception. So that, although not present at the hearing, having decided the case in the county court, I have no doubt the question was raised and decided by the court who heard the case. The report does not show that any exceptions were filed in the case, and the fact is that none were filed within thirty days as required by the statute. Writ dismissed.

*F. E. Woodbridge,* for the plaintiff, in error.

*Roberts & Chittenden,* for the defendant, in error.