WARREN ESTABROOKS *v.* FIDELITY MUTUAL FIRE INSURANCE COMPANY.

May Term, 1901.

Present: ROWELL, TYLER, MUNSON, START, WATSON and STAFFORD, JJ.

Opinion filed May 20, 1902.

*Writ of error—Exceptions—Insurance assessments—Pleading—Additional counts.*

A question raised by an assignment of error which appears from the record will be reviewed, though no exception was taken to the judgment.

Insurance assessments levied to meet losses cannot be recovered under a count for money paid, since the right of such recovery depends solely upon the terms of the policy, and there is no contract relation between the policy-holders and those to whom the losses were paid.

When a declaration in an action to recover insurance assessments contains no count applicable to an insurance policy, new counts declaring specially upon the policy subsequently filed should be dismissed, as they bring in a new cause of action.

WRIT OF ERROR to review a judgment rendered for the defendant in error at the June Term, 1900, Caledonia County, *Taft,* C. J., presiding.

The assignments of error are, (1) That judgment should have been for the defendant in the original suit as shown by the record; (2) That the court should have dismissed the new counts.

*Dunnett & Slack* for the plaintiff in error.

There can be no recovery unless there is a count in the declaration applicable to the cause of action. That there was no such count in this case is fully determined by *Wertheim Admr'x* v. *Fidelity & Casualty Co.,* 72 Vt. 326.

The defendant in error was allowed to amend his declaration by filing counts on an insurance policy. This was error. It allowed the defendant in error to amend by adding an entirely new and distinct cause of action. *Brodeck & Co.* v. *Hierschfield,* 57 Vt. 12; *Dewey* v. *Nicholas,* 44 Vt. 24.

*May & Simonds* for the defendant in error.

The plaintiff in error must clearly establish that there is legal error found in the records sent to this court by the lower court. In his assignment on page 1 of the printed case, the plaintiff sets up as the first error the judgment; but the record does not show that he took any exceptions to the judgment as to which he now complains.

The new counts were filed under the rule and declared in assumpsit for insurance assessments.    The case is not like *Wertheim* v. *Insurance Co.,* 72 Vt. 326.    In that case the plaintiff sought to recover on a life insurance policy by reason of the death of the person insured.    In the case at bar, the company seeks to recover of a member the money due to it on account of certain assessments on policies issued to that member.    These assessments became in the nature of an account stated; but if not, the assessments were for money paid, laid out, and expended by the company for the benefit of all the members, and so this case clearly comes under the rule laid down in *Bradley* v. *Phillips,* 52 Vt. 517.

The special terms of the insurance agreement had been performed on the part of the company when this suit was begun; nothing remained but the duty on the part of the plaintiff in error to pay the money to the company.    The action of the directors in making the assessment, concluded the liability of the plaintiff in error, unless the action is impeached in some way for fraud.    2 Am. & Eng. Ency. 437; *Shepard* v. *Miles,* 173 Ill. 223.    The new counts were mere amendments and for the purpose of putting the matter into legal and technical form. The specifications filed before the justice and in County Court show for what the suit was begun.    *Way* v. *Wakefield,* 7 Vt. 227; *Kent v. Bowker,* 38 Vt. 148; *Dunnett* v. *Thornton,* 46 Atl. 158.

MUNSON, J.    This is a writ of error.    The question raised by the first assignment of error is apparent from the record, and can be revised by this court, although no exception to the judgment was taken.    *Small* v. *Haskins,* 30 Vt. 172.

The claim of the defendant in error is for certain assessments made upon an insurance policy held by the plaintiff in error.    The original declaration contained only the usual common counts.    In *Wertheim* v. *The Fidelity and Casualty Co.,*

72 Vt. 326, 47 Atl. 1071, it is said that none of these counts is applicable to a contract of insurance.   But it is urged that the result of that case is not conclusive of this, because of the difference in the claims sought to be recovered.   It is said that this suit is to recover what is due from the insured on account of moneys expended by the company for the benefit of all its members, and that a claim of this nature is recoverable under the count for money paid.

The company's contract of insurance provided that certain assessments might be levied upon the policy-holders to meet the losses and expenses of the company.   We are unable to see how the relations created by this contract afford any basis for a recovery under the count relied upon.   To be thus recoverable, the money must have been paid in satisfaction of some obligation resting upon the defendant.   1 Chit. Pl. 350.   Here, there was no contract relation between the persons to whom the losses were paid and those against whom the assessments were levied.   The rights of one and the obligations of the other were due from and to the company.   The company paid the moneys for which the assessments were levied in discharge of its own liabilities, and not in discharge of any debt due from this plaintiff.   Its claim against the plaintiff on account of these payments rests solely upon the terms of the policy, and that must be declared upon before recovery can be had.

The defendant in error filed additional counts, declaring specially upon the policy.   Additional counts can be filed only for the cause of action originally declared upon.   Inasmuch as the original declaration contained no count applicable to a contract of insurance, the special counts upon the policy brought in a new cause of action, and should have been dismissed for that reason.   *Brodek* v. *Heirschfield,* 57 Vt. 12.

*Judgment reversed, additional counts dismissed, judgment that plaintiff in error recover his costs, and execution awarded.*