STATE *v.* BOSTON & MAINE RAILROAD.

January Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed February 27, 1909.

*Railroads—Operation—Furnishing—Accommodation and Facilities—Discrimination—Telephones—No. 124, Acts 1906—Construction—Constitutional Law—Only Necessary Questions Determined.*

Under No. 124, Acts 1906, providing that every railroad in the State shall grant to every person or concern operating a public telephone line having 500 subscribers equal and reasonable terms for connection with the depots and offices of such railroad company, reasonable and equal terms for one company are not reasonable and equal terms for another, unless the conditions are substantially the same; and, hence, the .mere refusal of a railroad company, on request of a telephone company, to place an instrument in its station, and grant to it "the same terms and conditions," or "the same equal arrangements or facilities" as it had granted another telephone company, does not show a violation of the act.

INFORMATION for violation of No. 124, Acts 1906. Pleas, not guilty and a special plea relying on a contract between the respondent and the New England Telephone and Telegraph Company made before the passage of said act. Trial by jury waived, and trial by court at the March Term, 1907, Orleans County, *Powers,* J., presiding. The respondent was found guilty, and judgment entered accordingly. The respondent excepted.

*W. B. C. Stickney* and *Young & Young* for the respondent.

*Clarke C. Fitts,* Attorney General, and *E. A. Cook,* State's Attorney, for the State.

WATSON, J. The respondent is informed against for an alleged violation of Act No. 124 of the Laws of 1906, section one of which reads: "Every railroad corporation doing business in

this State shall grant to every person, firm, joint stock company or corporation operating a public telephone line in the State and having at least five hundred telephone connections, equal and reasonable terms, arrangements and facilities for the installation of telephone instruments on the lines, or connected with the telephone system of such person, firm, joint stock company or corporation, in all depots, station houses or offices of such railroad corporation in the State.''

By section two a railroad corporation which violates the provisions of the preceding section shall be fined as therein specified.

A trial was had and the facts found by the court.

It is found that on March 26, 1907, and for a long time previous thereto the respondent had granted and did grant to the New England Telephone and Telegraph Company arrangements and facilities for the installation of a telephone instrument of that company at and in the depot and station house of the respondent at Barton Landing this State. It is not alleged nor is it found however that the Vermont Peoples Telephone Company requested the respondent to grant, nor that the respondent ever refused to grant, to that company equal and reasonable terms, arrangements and facilities for the installation of a telephone instrument at and in the same depot and station house.

The relative situation of the Vermont Peoples Telephone Company to the respondent at Barton Landing may be substantially dissimilar to that of the New England Telephone and Telegraph Company, in the number of subscribers and the size of the territory covered by them; in advantages and disadvantages, conveniences and inconveniences, consequent on the installation of one of its telephone instruments in the depot and station house at that place. Reasonable and equal terms for one are not necessarily reasonable and equal terms for the other, for they can be so only when the conditions are substantially the same.

Therefore the refusal by the respondent on request of the Vermont Peoples Telephone Company to grant to it the ''same terms and conditions,'' or ''the same and equal arrangements and facilities'' as it (respondent) had granted to the other telephone company named was no violation of the statute. Nor was the refusal to make or submit any terms upon which it (respondent) would permit such installation and connection to be made by the Vermont Peoples Telephone Company an offence.

This refusal was in response to a demanded right to install and connect such telephone instrument "all under the same terms and conditions as the" other named telephone company theretofore had and did then have an instrument there installed and connected. To that demand, such a refusal is not within the statute.

Constitutional questions were presented, but since the case is otherwise finally disposed of the general rule applies that such questions will not be passed upon unless it is necessary to the final determination of the case. *Blanchard* v. *City of Barre,* 77 Vt. 420, 60 Atl. 970.

*Judgment reversed and respondent discharged.*