ALBERT SOWLES *v.* HARTFORD LIFE INSURANCE COMPANY.

May Term, 1911.

Present: ROWELL, C. J., MUNSON, WATSON, HASELTON, AND POWERS, JJ.

Opinion filed September 23, 1911.

*Pleading—Amended Declaration—New Cause of Action.*

Where a declaration in assumpsit on policies of insurance on plaintiff's life, issued to him by defendant, seeks by appropriate counts only to recover assessments alleged to have been by defendant exacted and received from plaintiff in violation of a provision in the respective policies that, after plaintiff had reached a certain age, his assessments should not exceed a designated amount, an amended declaration seeking to recover for breaches of other provisions of the policies introduces a new cause of action which is not permissible.

SPECIAL ASSUMPSIT. Franklin County, March Term, 1911, *Stanton*, J., presiding. Heard on the defendant's motion to dismiss plaintiff's amended declaration, filed after defendant had pleaded to the original, for that it introduced a new cause of action. Motion denied, to which defendant excepted. Exceptions allowed, and cause passed to the Supreme Court before trial on the merits.

*C. G. Austin & Sons* for the defendant.

*Hiram P. Dee* and *M. H. Alexander* for the plaintiff.

HASELTON, J. This is an action of assumpsit. The original declaration was in four counts. After the defendant had pleaded the plaintiff filed an amended declaration which also was in four counts. The defendant filed a motion to dismiss the amended declaration on the ground that it introduced a new cause of action, and on other grounds. This motion was overruled. The defendant excepted and the case was passed to this Court without further proceedings in the cause.

In the original declaration the first count says that by virtue of a life insurance policy, numbered 103306, issued by the defendant company in 1888, upon the life of the plaintiff,

he was to pay to the company, in order to keep the policy in force, quarterly assessments and expense dues, not to exceed certain sums named, after he attained the age of sixty-five years; that he reached that age in 1898; and that thereafter, in disregard of the provision of the contract of insurance just set out, the defendant had demanded and received of the plaintiff quarterly assessments, in excess of the maximum sums required by the contract, aggregating three hundred dollars, and that the defendant was indebted to the plaintiff in that sum as for so much money had and received.

The second count in the original declaration is like the first except that it declares as for money had and received for like over-payments to the amount of three hundred dollars exacted and received of the plaintiff after he became sixty-five years of age, under another policy namely, policy numbered 103665.

The third count in the original declaration is like the first except that it declares as for money had and received for the sum of nine hundred dollars exacted and received by the defendant from the plaintiff after be became sixty-five years of age, under still another policy namely, policy numbered 108816.

The fourth count in the original declaration is simply the common count for money had and received, and declares for the sum of fifteen hundred dollars, which is the aggregate of the sums declared for in the three preceding counts. It is obvious that this count was joined with the others merely as a matter of customary precaution, and that it was not intended by the pleader to state a further cause of action.

The first count of the amended declaration alleges the contract of insurance, policy numbered 103306, between the plaintiff and the defendant, entered into in 1888, and sets out that the contract provided for assessments for the purpose of forming a mortuary fund and for the creation of a safety fund, which assessments were to be levied upon the plaintiff and upon all other members of the company holding policies similar to that held by the plaintiff, that the assessments were to be made according to a table of graduated ratios, that the plaintiff at the time of the contract was fifty-four years old, that the money paid to the defendant for a safety fund was to be deposited with a certain Security Company as trustee to be invested by

the Security Company in government bonds, and that the Security Company was, on conditions the fulfilment of which is alleged, to pay over to the defendant company, at intervals, the income on such bonds, which income the defendant was to divide among policy holders of the class to which the plaintiff belonged, and that it was agreed that whenever the safety fund should amount to one million dollars all subsequent receipts therefor should be divided among policy holders of the class to which the plaintiff belonged for the payment of future dues and assessments. The count further alleges that the defendant did not, at any time after the date of the policy, make any division among the policy holders entitled thereto of the income from the safety fund, notwithstanding the existence of the conditions making such division obligatory, and that on March 1, 1899, the safety fund was far in excess of a million dollars, but that notwithstanding that fact the defendant did not, and has not since, made any division of safety fund receipts, in accordance with the agreement already referred to, but that, in disregard of its undertakings, it has, from time to time, without the knowledge and against the will of the plaintiff, and the other policy holders, diverted the safety fund from United States Bonds to securities of doubtful character, and has thereby caused a large loss to the fund and to the policy holders. The count further alleges that by reason of its disregard of its undertakings referred to and its misappropriation of the safety fund, the defendant ceased to do business under the safety fund plan, and thereby caused the cost of maintaining in force the policy of insurance far to exceed the amount agreed upon in the policy. The count further alleges that in violation of the contract of insurance, the defendant has, without right, collected of the plaintiff a large sum of money, to wit, one hundred dollars for sending out notices of mortuary assessments, and has also without right collected a further sum of money, to wit, five hundred dollars by way of expense dues in excess of the amount of such dues permitted under the contract, and has in violation of the contract collected of the plaintiff the sum of, to wit, one hundred dollars for the safety fund, and, to wit, the sum of two thousand dollars as mortuary assessments in excess of the assessments warranted by the contract, and has, without

right, collected of the plaintiff the sum of, to wit, a hundred dollars assessed upon the quarterly calls of the defendant. At this point the count incorporates the cause of action set forth in the first count of the original declaration and alleges in accordance therewith that the defendant has collected and received of the plaintiff the sum of, to wit, three hundred dollars in violation of the stipulation in the contract as to the sums collectable of him after he attained the age of sixty-five years. The declaration adds an averment that the defendant has from the day and date of the contract disregarded the stipulation therein as to the mortality ratio, and that in consequence thereof has demanded and received of the plaintiff the sum of, to wit, one thousand dollars.

The second count of the amended declaration relates to the policy of insurance issued by the defendant to the plaintiff in 1888 and numbered 103665. Its allegations are similar to those in the first count of the amended declaration though there are some changes and additions.

The third count in the amended declaration relates to policy numbered 108816, issued by the defendant to the plaintiff in 1888. This count is in general like the first count of the new declaration.

The fourth count in the amended declaration relates to all three of the policies already mentioned, and, in effect, brings together the allegations of the three preceding counts.

The four counts of the amended declaration cover thirty-one type-written pages, and we have not undertaken to go much into the details of the things alleged. They all allege misconduct on the part of the defendant from about 1888 when the policies were issued and the plaintiff was fifty-four years old down to the present time. They allege that this misconduct, consisting in part of a misappropriation of funds, was a violation of the defendant's contracts with the plaintiff and of its contracts with other policy holders of the same class, and they seek to recover money paid in consequence of the wrongful doings and exactions of the defendant made in a variety of ways during the entire life of the policies. The *ad damnum* is set at ten thousand dollars.

Nothing can be plainer than that this amended declara-

tion introduces a cause of action not contemplated when the original declaration was drawn. *Derosia* v. *Furland*, 83 Vt. 372, 385, 76 Atl. 153, 28 L. R. A. (N. S.) 577, 138 Am. St. Rep. 1092; *Estabrook* v. *Insurance Co.*, 74 Vt. 203, 52 Atl. 420.

The plaintiff cites *Haskins* v. *Ferris*, 23 Vt. 673, *Trescott* v. *Baker*, 29 Vt. 459, and *Boyd* v. *Bartlett*, 36 Vt. 9. But these cases are all against his contention that the amended declaration introduces no new cause of action.

So the amended declaration should have been dismissed on the ground already considered, for, as was tersely said by Judge Steele, the statute does not authorize "a new suit under the guise of an amendment." *Dana* v. *McClure*, 39 Vt. 197; *Estabrook* v. *Fidelity &c. Co.*, 74 Vt. 202, 52 Atl. 420; *Brodek* v. *Hirchfield*, 57 Vt. 12; *McDermid* v. *Tinkham*, 53 Vt. 615; *Carpenter* v. *Gookin*, 2 Vt. 495, 21 Am. Dec. 566.

*Judgment reversed. Judgment that the amended declaration is dismissed and cause remanded.*