¹LISLE M. CARPENTER *v.* CENTRAL VERMONT RAILWAY COMPANY.

May Term, 1919.

Present:   WATSON, C. J., POWERS, TAYLOR, and SLACK, JJ., and
MOULTON, SUPR., J.

Opinion filed July 3, 1919.

*Master and Servant—Pleading—Negativing Contributory Negli-*
*gence—At Common Law—Under Federal Employers' Lia-*
*bility Act—Judicial Notice of Record of Same Case on*
*Former Appeal—Limitation of Action Under Federal Em-*
*ployers' Liability Act—Amendment—New Cause of Action*
*—Reviewable on Appeal—Waiver of Exception by Plead-*
*ing Over—Replication—Conclusion—Departure—Demurrer*
*—Constitutional Questions—When not Considered.*

In a common-law action for negligence against a railroad by its em-
ployee, the plaintiff must allege and prove that he was free from
contributory negligence.

An allegation of freedom from contributory negligence is not necessary
in a declaration based on the Federal Employers' Liability Act
under which such negligence does not defeat the action, but goes
only to diminution of damages, and as to which the burden is
placed on the defendant.

The Supreme Court will take judicial notice of the record of the same
case when on former hearing before it.

An amended count can be filed only for the same cause of action de-
clared upon in the original count for which it is to be substituted.

In an employee's action for negligence against a railroad, an amend-
ment to a count founded on the common law which brought the
case within the provisions of the Federal Employers' Liability Act,
was for a new cause of action.

An exception saved to the court's permitting an amended count to be
filed, changing the cause of action, is available on review.

The new cause of action introduced by such amendment was the

¹ NOTE:—When this case was originally argued it was assigned to
Mr. Justice Haselton. Upon his retirement from the bench, the case,
being ordered for reargument, was assigned to Chief Justice Watson.

equivalent of a new suit affected by section 6 of the Federal Employers' Liability Act providing that no action shall be maintained under the act unless commenced within two years from the day the cause of action accrued.

Defendant's exception to the overruling of its motion to dismiss the amended count after it was filed was waived by subsequently pleading to it in bar.

A replication alleging that an amended count, which introduced a new cause of action, was for the same cause of action alleged in the original count was demurrable, it being but a conclusion of the pleader.

A replication which does not support or fortify the allegations in the declaration, but sets forth a new cause of action, is a departure, and is bad on demurrer.

Constitutional questions raised will not be considered when their decision is not necessary to a final determination of the case.

ACTION ON THE CASE for personal injuries. There was a hearing on defendant's demurrers to plaintiff's replications after the September Term, 1915, Windham County, before *Fish,* J., and the demurrers were severally overruled. The defendant electing to abide by its demurrers, at the April Term, 1916, Windham County, *Miles,* J., presiding, judgment was rendered against the defendant on all of the demurrers, and the case ordered to stand for trial on the question of damages. At the same term there was trial by jury on the question of damages. Verdict and judgment for the plaintiff. The defendant excepted.

*John W. Redmond* for the defendant.

While counts at common law and under the Federal Employers' Liability Act may be joined (*Bouchard* v. *Central Vt. Ry. Co.,* 87 Vt. 399; *Pelton* v. *Ill. Cent. R. Co.,* (Iowa) 150 N. W. 236; *Ex parte Atlantic C. L. R. Co.,* (Ala.) 67 So. 256), yet they are for separate and distinct causes of action. *St. Louis, S. F. & T. R. Co.* v. *Searle,* 229 U. S. 156, 57 L. ed. 1129, Ann. Cas. 1914 C, 156; *Gulf, C. & S. F. R. Co.* v. *McGinnis,* 228 U. S. 173, 57 L. ed. 785; *Winfree* v. *Northern Pac. R. Co.,* 227 U. S. 296, 57 L. ed. 518; *American R. Co. of Porto Rico* v. *Didricksen,* 227 U. S. 145, 57 L. ed. 456; *Midland Val. R. Co.* v. *Ennis,* 109 Ark. 206, 159 S. W. 214; *Gaines* v. *Detroit, G. H. & M. R. Co.,* 181

Mich. 376, 148 N. W. 397; *Moliter* v. *Wabash R. Co.*, 180 Mo. App. 84, 168 S. W. 250; *Tyndall* v. *N. Y. C. & H. R. Co.*, 213 N. Y. 691, 107 N. E. 577.

When a suit is instituted for personal injuries or death of an employee within the time limited by the Federal act, and the plaintiff, after the lapse of two years, amends his complaint, the commencement of the suit within the two years does not prevent the running of the statute of limitation against such amendment if the amended petition or declaration introduces a new or different cause of action from that stated in the original complaint. *Seaboard Air Line Ry.* v. *Renn*, 241 U. S. 290, 60 L. ed. 1006; *Atlantic Coast Line R. Co.* v. *Burnette*, 239 U. S. 199, 60 L. ed. 226; *Missouri K. & T. R. Co.* v. *Wulf*, 226 U. S. 570, 57 L. ed. 355, Ann. Cas. 1914 B, 134; *United States* v. *Martinez*, 195 U. S. 469, 49 L. ed. 282; *Atlantic & P. R. Co. v. Laird*, 164 U. S. 393, 41 L. ed. 485; *Union Pac. Ry. Co.* v. *Wyler*, 158 U. S. 285, 39 L. ed. 983; *The Harrisburg* v. *Richards*, 119 U. S. 199, 30. L. ed. 358; *Sicard* v. *Davis*, 6 Pet. 124, 8 L. ed. 342; *Holmes* v. *Trout*, 7 Pet. 171, 8 L. ed. 647; *Walker* v. *Iowa Cent. Ry. Co.*, 241 Fed. 395; *Lang* v. *Choctaw, O. & G. R. Co.*, 117 C. C. A. 146, 198 Fed. 38; *St. Louis & S. F. R. Co.* v. *Loughmiller*, 193 Fed. 689; *Tiller* v. *St. Louis & S. F. R. Co.*, 189 Fed. 994; *Mitchell Coal & Coke Co.* v. *Pennsylvania R. Co.*, 181 Fed. 403; *De Valle Da Costa* v. *Southern Pac. Co.*, 167 Fed. 654; *Hall* v. *Louisville & N. R. Co.*, 157 Fed. 464; *Boston & M. R. R.* v. *Hurd*, 47 C. C. A. 615, 108 Fed. 116, 56 L. R. A. 193; *Whalen* v. *Gordon*, 37 C. C. A. 70, 95 Fed. 305; *Atlanta, K. & N. Ry. Co.* v. *Hooper*, 35 C. C. A. 24, 92 Fed. 820; *Barker* v. *Anniston O. & O. St. Ry. Co.*, 92 Ala. 314, 8 So. 466; *Alabama Great Southern R. Co.* v. *Smith*, 81 Ala. 229; *Kain* v. *Arizona Copper Co.*, 14 Ariz. 566, 133 Pac. 412; *Campbell* v. *Campbell*, 133 Cal. 33, 65 Pac. 134; *Brown* v. *Mann*, 68 Cal. 517, 9 Pac. 549; *Gilleland & Dillingham* v. *Louisville & N. R. Co.*, 119 Ga. 789, 47 S. E. 336; *Shepherd* v. *Southern Pine Co.*, 118 Ga. 292, 45 S. E. 220; *Bolton* v. *Georgia Pac. Ry. Co.*, 83 Ga. 659, 10 S. E. 352; *Exposition Cotton Mills* v. *Western & A. R. Co.*, 83 Ga. 441, 10 S. E. 113; *Parmless* v. *Savannah F. & W. Ry.*, 78 Ga. 239, 2 S. E. 686; *Illinois Cent. R. Co.* v. *Campbell*, 170 Ill. 163, 49 N. E. 314; *Eylenfeldt* v. *Illinois Steel Co.*, 165 Ill. 185, 46 N. E. 266; *Van Patten* v. *Waugh*, 122 Iowa 302, 98 N. W. 119; *Box* v. *Chicago, R. I. & P. Ry. Co*:, 76 Iowa 67, 40 N. W. 92; *Brinkmeier* v. *Missouri Pac. R. Co.*, 81 Kan. 101, 105 Pac. 221;

*Kansas City* v. *Hart*, 60 Kan. 684, 57 Pac. 938; *Atchison, T. & S. F. R. Co.* v. *Schroeder*, 56 Kan. 731, 44 Pac. 1093; *Hurst* v. *Detroit City Ry. Co.*, 84 Mich. 539, 48 N. W. 44; *Holliday* v. *Jackson*, 21 Mo. App. 660; *Johnson* v. *American Smelting & Refining Co.*, 80 Nebr. 255, 116 N. W. 517; *Buerstetta* v. *Tecumseh Nat. Bank*, 57 Neb. 504, 77 N. W. 1094; *Fitzhenry* v. *Consolidated Traction Co.*, 63 N. J. L. 142, 42 Atl. 416; *Woodward* v. *Northern Pac. R. Co.*, 16 N. D. 38, 111 N. W. 627; *Allen* v. *Tuscarora Val. R. Co.*, 229 Pa. St. 97, 30 L. R. A. (N. S.) 1096, 140 Am. St. Rep. 714, 78 Atl. 44; *Martin* v. *Pittsburg Rys. Co.*, 227 Pa. 18, 26 L. R. A. (N. S.) 1221, 19 Ann. Cas. 818, 75 Atl. 837; *Grier* v. *Northern Assur. Co.*, 183 Pa. St. 334, 39 Atl. 10; *Fairchild* v. *Dunbar Furnace Co.*, 128 Pa. St. 485, 18 Atl. 443, 444; *Lilly* v. *Charlotte C. & A. R. Co.*, 32 S. C. 142, 10 S. E. 932; *Phoenix Lumber Co.* v. *Houston Water Co.*, 94 Tex. 456, 61 S. W. 707; *Cotton* v. *Rand*, 93 Tex. 7, 53 S. W. 343; *International & G. N. R. Co.* v. *Pape*, 73 Tex. 501, 11 S. W. 526.

*Cudworth & Pierce* and *Gibson & Daley* for the plaintiff.

Where the cause of action did not exist at common law, but has been created by a statute which fixes a time within which the action must be brought as an essential element of the right to sue, the question of limitation may be raised by demurrer, where the facts appear on the face of the declaration. *People* v. *Herr*, 81 Ill. 125; *Richmond Savings Bank* v. *Powhatan Co.*, 102 Va. 274, 46 S. E. 294; *Lambert* v. *Ensign Co.*, 42 W. Va. 813, 26 S. E. 431; *Williams* v. *Meriweather*, 24 R. I. 512, 53 Atl. 870; *Radezky* v. *Sargent*, 77 Conn. 110, 58 Atl. 709; *O'Connor* v. *Waterbury*, 69 Conn. 206, 37 Atl. 499; *Gunton* v. *Hughes*, 181 Ill. 132, 54 N. E. 895; *Patterson* v. *Thompson*, 90 Fed. 647.

Where it is apparent from the face of the declaration that the suit is barred by the statute of limitations, the question is properly raised by a motion to dismiss. *Alford* v. *Hayes*, 87 Ga. 155, 13 S. E. 315; *Colding* v. *Williamson*, 71 Ga. 89; *Doubleday* v. *Makepeace*, 4 Blackf. (Ind.) 9, 28 Am. Dec. 33; *Cleveland* v. *Walden*, 62 Ga. 163; *Davis* v. *Bayett*, 120 Ga. 649, 48 S. E. 185, 66 L. R. A. 258; *Threadgill* v. *Shaw*, (Tex.) 130 S. W. 707; 14 Cyc. 432, par. 6.

Where an amendment to a declaration, which brings the case under the Federal Employers' Act, is one of form rather than of

substance, it does not set forth a new cause of action, and relates back to the beginning of the suit. *Koennecke* v: *Seaboard A. L. R. Co.,* 101 S. C. 86, 85 S. E. 374; *Seaboard A. L. R. Co.* v. *Koennecke,* 239 U. S. 352, 60 L. ed. 324; *M. K. T. R. R. Co.* v. *Wulf,* 226 U. S. 570, 57 L. ed. 355; *Smith* v. *Atl. Coast Line,* 210 Fed. 761; *Gainesville Ry.* v. *Vandiver,* 141 Ga. 350, 80 S. E. 997; *Cincinnati Railroad* v. *Goode,* 163 Ky. 60, 173 S. W. 329; *Fernette* v. *Railroad Co.,* 175 Mich. 653, 141 N. W. 1084, 144 N. W. 834; *Jorgenson* v. *Grand Rapids Railroad,* (Mich.) 155 N. W. 535; *Ahrens* v. *Railroad,* 121 Minn. 335, 141 N. W. 297; *Hogarty* v. *Railroad,* 245 Pa. 443, 91 Atl. 854; *St. Louis, San Francisco & Tex. Ry.* v. *Smith,* (Tex. Civ. App.) 171 S. W. 512; *Camp* v. *Railroad,* 100 S. C. 294, 84 S. E. 825; *Basham* v. *Railroad,* (Ia.) 154 N. W. 1019.

Failure of the plaintiff to allege that the parties were engaged in intestate commerce, so as to state a case under the act, may be cured by the defendant's pleading the same. *Arizona Railroad Co.* v. *Bryan,* (Ariz.) 157 Pac. 376; *Nashville Railway* v. *Anderson,* (Tenn.) 185 S. W. 677; *Chicago Railroad Co.* v. *Cosio,* (Tex.) 182 S. W. 83; *Calhoun* v. *Railroad Co.,* (Wis.) 156 N. W. 198; *Curtice* v. *Railroad,* (Wis.) 156 N. W. 484; *Vickery* v. *New London & Northern Railroad,* (Conn.) 89 Atl. 277; *Nashville Railway* v. *Anderson,* (Tenn.) 185 S. W. 677; *St. Louis Railroad Co.* v. *Sharp,* 115 Ark. 308, 171 S. W. 95; *White* v. *Central Vermont Railway,* 238 U. S. 513.

STATEMENT BY CHIEF JUSTICE WATSON. The original declaration consisted of six counts (seemingly) on the common law. Thereto the defendant pleaded the general issue; also a special plea in bar that the plaintiff ought not to have or maintain his action, because the said supposed causes of action and each of them (if such have accrued to the plaintiff), accrued subsequent to the taking effect of the Federal Employers' Liability Act, approved April 22, 1908; and that at the time when, etc., the defendant was a common carrier by railroad engaged in interstate commerce; and that at the time when, etc., the plaintiff was employed by the defendant in such commerce, concluding with a verification. On these pleas issue was joined and a trial was had by jury, resulting in a verdict for the plaintiff. The case passed to the Supreme Court on defendant's exceptions, where judgment was reversed and the cause remanded.

In January, 1916, the cause being again in the county court, the plaintiff moved for leave to amend the third and sixth counts of his declaration, in effect so as to make the third count set forth a cause of action under the Federal Employers' Liability Act, and the sixth count so more specifically to state that at the time when, etc., the plaintiff was employed by defendant as a brakeman on a train exclusively carrying intrastate freight and passengers. The amended sixth count was permitted to be filed and has since been a part of the declaration in the case. Six objections were made by the defendant to permitting the proposed amended third count to be filed. Four of them were: (1) The said amended third count introduces a new cause of action; (2) the proposed amended third count seeks to maintain an action on the Federal Employers' Liability Statute for an accident which happened more than two years before the filing of the proposed amendment, which statute expressly prohibits the bringing of an action more than two years after the happening of the accident; (5) the said Federal statute in effect prohibits bringing into the case a cause of action under that statute more than two years after the cause of action arose; and (6) to permit the proposed amendment to the third count to be made operates in effect to bring suit under the said Federal statute more than two years after the accident occurred, and so is in violation of the Fourteenth Amendment to the Constitution of the United States, in that it is not due process of law to compel the defendant to answer thereto in a suit or action which is by the statute barred. The objections were overruled, and the proposed amended third count was permitted to be filed and was filed in the case on January 28, 1916, to which defendant excepted.

Defendant then, on the same day, moved that the said amended third count, filed by leave of court, be dismissed for reasons stated in the motion, which reasons in substance are the same as those stated as the grounds of objections to the allowance of that amendment. This motion was overruled, to which defendant excepted.

On the same day the plaintiff, repleading, filed a replication to defendant's first and second pleas to the first, second, fourth, and fifth counts of the declaration. As to the first plea, so far as it relates to these counts, the plaintiff joined issue. As to the second plea, so far as it relates to these counts, plaintiff replied *precludi non,* because he says, in short, that the matter and

things set forth in these counts occurred, and the cause of action therein set forth accrued, subsequently to the passage and taking effect of the Federal Employers' Liability Act; and that at the time when, etc., the defendant was a common carrier, engaged in interstate commerce, and that when the plaintiff was injured as alleged in these counts, he was employed by defendant in such commerce; concluding to the country.

As the next step in the pleadings defendant filed the general issue to the amended third and sixth counts, and special pleas in bar (2) that the supposed cause of action alleged and declared upon in said amended third count, accrued more than two years previous to the bringing and filing of said amended count, and (3) that the action commenced by the allowance and filing of the said amended last-named count, was not commenced within two years from the day the supposed cause of action alleged and declared upon in said amended count accrued; concluding said second and third pleas with a verification. And pleading to the amended sixth count that the supposed cause of action alleged and declared upon therein accrued subsequently to the taking effect of the Federal Employers' Liability Act; approved April 22, 1908, and that at the time when, etc., the defendant was a common carrier by railroad, engaged in interstate commerce, and that at the time when the plaintiff received the injuries complained of he was employed by the defendant in such commerce; concluding with a verification. At the same time defendant demurred to the replication to the said second plea originally filed, in so far as the replication relates to said second plea as an answer to the first, second, fourth, and fifth counts and the matters therein contained, and for grounds of demurrer specified, among others: (2) That said replication is a complete departure from the said counts; (3) that said replication introduces a new cause of action; (9) that said replication undertakes to make the said counts, counts under the said Federal statute when, at the time said replication was filed, the plaintiff has no right of action by the law of that statute. In this demurrer plaintiff joined.

By way of replication plaintiff joined issue to defendant's first plea to the amended third and amended sixth counts. Replying to defendant's second plea to the amended third counts, plaintiff says *precludi non,* because in effect the cause of action therein alleged and declared upon, is all and the same cause of action as that alleged and declared upon in the original third

count; that said action, containing said original third count as a part of the declaration, was commenced within two years from the time the cause of action alleged and declared upon in the amended third count accrued to the plaintiff; and that said cause of action is all and the same as in this replication is set forth; concluding with a verification.

The replication to defendant's third plea to the amended third count is in effect similar to the replication to the second plea to that count.

Plaintiff joined issue upon the fourth plea to the amended sixth count.

Defendant demurred to the replication to its second and third pleas (separately) to the amended third count, specifying the same grounds of demurrer, among which two are here mentioned:    (3) That the replication is defective in that it avers and sets forth in substance that the cause of action alleged in the original third count is the same cause of action alleged in the amended third count; whereas in fact the original third count is founded on the common law, while by the amended third count the plaintiff attempts to maintain the action by an act of Congress; (6) said replication is in its allegations of fact simply a repetition of the allegations in the amended third count, not alleging new matter in confession and avoidance or in any way to meet the allegations of the defendant's said plea.    Plaintiff joined in these demurrers.

Defendant's demurrer to the replication to its second and third pleas to the amended third count, and defendant's demurrer to the replication to its second plea to the first, second, fourth and fifth counts, were heard before Superior Judge Fish in vacation, being argued by counsel on both sides, and on consideration were severally overruled, and exceptions noted for defendant.

Defendant's request then made that the questions involved in the order overruling said demurrer be certified to the Supreme Court for review before trial of the case on the merits being denied, defendant elected to abide by its said demurrers.

At the next term of the county court, judgment was rendered on all the demurrers against the defendant and the case ordered for trial on the question of damages.    Defendant excepted to the judgment so rendered on each demurrer, separately, because (4) it denies to the defendant the equal protection of the

law guaranteed by the Fourteenth Amendment to the Federal Constitution, and (5) in each case it violates Article 6 of that Constitution. Defendant also excepted to the ordering of the case for trial on the question of damages. Defendant excepted to the impaneling of the jury and to the trial of the cause. The jury rendered a verdict fixing the plaintiff's damages at $11,204.15. Judgment was rendered on the verdict, to which defendant excepted.

WATSON, C. J.   When this case was here before (as reported in 90 Vt. 35, 96 Atl. 375), it was on exceptions to rulings on questions of evidence, made during a trial on the merits. The case then standing on the original declaration (all counts), we said in stating the case, was an action at common law. Now the nature of the original counts in that respect is involved in the questions expressly raised by the exceptions, and is for decision. Each of those counts alleges that defendant, at the time in question, had in its possession, control, and management a certain line of railroad extending from South Londonderry to Brattleboro (wholly within this State) operating trains thereon for the carriage of freight and passengers for hire; but there is no allegation that it was engaged as a common carrier over any other line of railroad, or beyond the termini stated; nor do any of those counts contain allegations of fact showing even by implication that defendant was then engaged in interstate or foreign commerce, nor that the train in connection with which plaintiff was then employed was operated in such commerce, nor that the plaintiff at the time of his injury was employed by defendant in such commerce.

Each count avers that the plaintiff was in the exercise of due care and diligence. Such an averment or its equivalent is essential to a declaration based on the common law in this State, where freedom from contributory negligence is a substantive element in the plaintiff's right of action, and to show which he has the burden; but it would be out of place and mere surplusage in a declaration based on the Federal Employers' Liability Act under which such negligence does not defeat the action but goes only to the diminution of plaintiff's damages, and as to which the burden is placed on the defendant. That the pleader had knowledge of this difference in the requirements of good pleading and acted accordingly, pretty clearly appears from the fact that the

distinction is observed in the drafting of the amended third and the amended sixth counts, discussed in subsequent paragraphs. Not only this, but the plaintiff took issue upon defendant's special plea in bar to the effect that the action could not be maintained because the supposed causes of action (if any such had accrued to the plaintiff) accrued subsequently to the taking effect of the Federal Employers' Liability Act, approved on April 22, 1908; and that at the time when, etc., the defendant was engaged in interstate commerce, and the plaintiff was employed by defendant in such commerce.     Indeed, the former record before us, of which we now take judicial notice (*Green* v. *LaClair*, 91 Vt. 23, 99 Atl. 244), shows that the case was tried on the merits by both sides as an action founded on the common law, the plaintiff claiming, and his evidence tending to show that when he suffered his injuries he was employed by defendant in intrastate commerce, and defendant claiming and offering evidence tending to show that plaintiff was then employed in interstate commerce, and consequently his rights were to be determined under the Federal statute.     And in the opinion handed down by this Court, reversing the judgment and remanding the case, it is said that the jury by their verdict necessarily found that the plaintiff, at the time of his injury, was not employed in interstate commerce.     Reference is made to that verdict only as it indicates what the plaintiff's understanding then was as to the legal foundation of his action.     All the original counts are complete and perfect on the theory of the case theretofore had and acted upon by him and sustained before the jury.     We think it clear that they were all intended by the pleader to be and are founded on the common law.

The amended third count, permitted by the court to be filed against defendant's objection, after the remand of the case, contains averments of a different state of facts as a ground of action, showing that the train which the plaintiff was engaged in switching at the time of his injury, was being operated in interstate commerce, and that he was employed by defendant therein.     To the extent of this count, the case was thereby brought under the provisions of the Federal statute, and for a new cause of action. *Niles* v. *Central Vermont Ry. Co.*, 87 Vt. 356, 89 Atl. 629; *Winfree* v. *Northern P. R. R. Co.*, 227 U. S. 296, 57 L. ed. 518, 33 Sup. Ct. 273; *Atlantic Coast Line R. R. Co.* v. *Burnette*, 239 U. S. 199, 60 L. ed. 226, 36 Sup. Ct. 75.     According to the holding in

*Union P. R. R. Co.* v. *Wyler*, 158 U. S. 285, 39 L. ed. 983, 15 Sup. Ct. 877, the legal principles by which the question of whether the amended count presented a new cause of action must be solved are those which belong to the law of departure in after pleading, since the rules governing this subject afford the true criterion by which to determine the question whether a new cause of action is introduced by an amendment. The law of departure is there examined at great length, quoting from numerous legal classics, and citing many other authorities. It answers our purpose here, in showing the principle there emphasized and applied, to make a short quotation there made from 1 Chitty on Pleading, at page *644: ''A departure may be either in the *substance* of the action or defence, or the law on which it is founded; as if a declaration be founded on the common law, and the replication attempt to maintain it by a special custom or act of Parliament.'' It is said in that case: ''The most common, if not the invariable, test of departure in law, as settled by the authorities referred to, is a change from the assertion of a cause of action under the common or general law to a reliance upon a statute giving a particular or exceptional right.'' The case there under consideration was of this character, and it was held that the amended petition introduced a substantially new cause of action. It was pointed out that the amended petition set up not only a different state of facts, but a different rule of law as the ground of the action. And to the argument that as all the facts necessary to recovery were averred in the original petition, the subsequent amendment set out no new cause of action in alleging the Kansas statute, the Court said that ''if the argument were sound, it would only tend to support the proposition that there was no departure or new cause of action from fact to fact, and would not in the least meet the difficulty caused by the departure from law to law.'' The cases to which reference is made in this paragraph are full authority for our holding that the amended third count is for a new cause of action.

An amended count can be filed only for the same cause of action declared upon in the original count for which it is to be substituted. *Esterbrook* v. *Fidelity Mut. Fire Ins. Co.*, 74 Vt. 202, 52 Atl. 420; *Derosia* v. *Ferland,* 83 Vt. 372, 76 Atl. 153, 28 L. R. A. (N. S.) 577, 138 Am. St. Rep. 1092; *Sowles* v. *Hartford Life Ins. Co.*, 85 Vt. 56, 81 Atl. 98. This is not changed by statute, and the exception saved to the court's permitting the

amended count to be filed, changing the cause of action, is available in review. *Brodeck & Co.* v. *Hirschfield,* 57 Vt. 12. Moreover, by section 6 of the Federal statute; "no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued." This is a limitation on the liability, and if an action be not commenced within the period thus specified, the right of action conferred by the statute is extinguished. *Osborne* v. *Grand Trunk Ry. Co.,* 87 Vt. 104, 88 Atl. 512, Ann. Cas. 1916 C, 74; *Atlantic Coast Line R. R. Co.* v. *Burnette,* cited above. And since the amended third count introduced a new cause of action affected by the limitation, it was the equivalent of a new suit, as to which the running of the limitation was not previously arrested. *Union P. R. R. Co.* v. *Wyler,* noticed above; *United States* v. *Dalcour,* 203 U. S. 408, 51 L. ed. 248, 27 Sup. Ct. 58; *Seaboard Air Line R. R. Co.* v. *Renn.,* 241 U. S. 290, 60 L. ed. 1006, 36 Sup. Ct. 567; *Allen* v. *Tuscarora Valley R. R. Co.,* 229 Pa. 97, 78 Atl. 34, 30 L. R. A. (N. S.) 1096, 140 Am. St. Rep. 714.

As claimed by plaintiff, the exception to the overruling of the motion to dismiss this amended count after it was filed, was waived by subsequently pleading to that count in bar. *Seymour* v. *Brainerd,* 66 Vt. 320, 29 Atl. 462. Yet by such subsequent pleading the same question as to there being no liability under the Federal statute at the time such amendment was permitted, because of the lapse of time after which no action could be maintained, was again presented by two special pleas. To each of these pleas plaintiff replied *precludi non,* because in effect the cause of action alleged and declared upon in the amended third count, is all and the same cause of action as that alleged and declared upon in the original third count; and that said action, containing said original third count as a part of the declaration, was commenced within two years from the time the cause of action alleged and declared upon in the amended third count accrued to the plaintiff; and that said cause of action is all and the same as in this replication is set forth; concluding with a verification. To these replications defendant demurred severally, specifying as one ground of demurrer that the replication is defective in that it avers and sets forth in substance that the cause of action alleged in the original third count is the same cause of action alleged in the amended third count; whereas in fact the former is founded on the common law, while the latter is founded

on an act of Congress. Plaintiff joined in these demurrers, and we shall recur to them further on.

On the same day of plaintiff's filing the amended third count, he, repleading, filed a replication to defendant's first and second pleas to the first, second, fourth, and fifth counts. As to the first plea, so far as relates to those counts, the plaintiff joined issue. As to the second plea, so far as it relates to those counts, plaintiff replied *precludi non*, because he says, in effect, that the matters and things set forth in those counts, occurred, and the cause of action set forth accrued, subsequently to the taking effect of the Federal statute, mentioned above; and that at the time when, etc., the defendant was a common carrier, engaged in interstate commerce, and that when the plaintiff was injured he was employed by defendant in such commerce. To this replication defendant demurred, specifying as grounds, among others: (2) That said replication is a complete departure from the said counts; (9) that it undertakes to make the said counts, counts under the Federal statute when, at the time the replication was filed, the plaintiff had no right of action by law of that statute. In this demurrer plaintiff joined.

This demurrer and the two noticed in the next preceding paragraph, being heard before Judge FISH in vacation, were severally overruled and exception saved to defendant. Each of these demurrers was well put in and should have been sustained. As seen from what has already been said, there is no doubt, as matter of law, that on the record the cause of action alleged in the amended third count is not the same as that alleged in the original third count. This being so, the averment in the replications demurred to that it is the same, is not controlling. *Sawyer* v. *Child,* 83 Vt. 329, 75 Atl. 886. It was but an opinion or conclusion of the pleader. *Nelson* v. *Montgomery First Nat. Bank,* 139 Ala. 578, 36 So. 707, 101 Am. St. Rep. 52. It follows that the replications noticed in the second proceding paragraph, were no answer to the pleas in reply to which they were filed, and to overrule the demurrers was error. Regarding the replication mentioned in the preceding paragraph, nothing further need be said to show that it departs in point of fact, and also in point of law as a ground of action, from the case first made by plaintiff in the counts therein specified, in that facts not material to an action at common law, and not alleged in the counts mentioned, and which do not support or fortify them, but

essential to the cause of action prescribed by the Federal statute, are averred in the replication to bring the case within that statute. Such a defect in pleading is properly reached by demurrer. *White* v. *Central Vermont Ry. Co.*, 87 Vt. 330, 89 Atl. 618; *Niles* v. *Central Vermont Ry. Co.*, cited above.

Defendant elected to abide by its demurrers, whereupon, at the next term of the trial court, judgment was rendered against it on all three of the demurrers, and the case ordered for trial on the question of damages. Exception was taken to the judgment so rendered, on the ground that thereby defendant was deprived of the equal protection of the law guaranteed by the Fourteenth Amendment of the Constitution of the United States, and it violates Article 6 of that Constitution. Exception was also saved to the ordering of the case to trial on the question of damages; also to the impaneling of the jury for such trial, on the ground that the court had no right to force defendant to trial at that time on the state of the pleadings; also to the judgment rendered on the verdict.

The effect of overruling the demurrers was to leave in the case the amended third count, and the first, second, fourth, and fifth counts, as founded on the Federal statute, and consequently the judgment rendered on the demurrers was based on that statute, and the verdict on which judgment was had in damages was returned by the jury under instructions from the court that the "damages are regulated by the Federal statute, differing from the assessment of damages under the common law of Vermont." Yet all the rulings and judgments mentioned in the preceding paragraph were erroneous; that statute afforded no basis therefor, since, as before pointed out, defendant's liability under it, if such there ever was, had become extinguished before the plaintiff, by changing his pleadings, attempted to invoke the Federal law as the ground of action.

The constitutional questions raised have not been considered, since the decision of them does not appear to be necessary to the final determination of the case. *Blanchard* v. *City of Barre*, 77 Vt. 420, 60 Atl. 970; *State* v. *Boston & Maine R. R.*, 82 Vt. 121, 71 Atl. 1044.

The power of Judge FISH to make some of the rulings mentioned as made by him in vacation, stands challenged and briefed; but it is passed without further notice, deeming a decision of the questions particularly affecting the case itself more in the in-

terests of the parties.   On the reversal of the judgments and re-
mand, the case will stand, as in the first instance, for trial on the
merits at common law.

*Judgment reversed, and cause remanded.*